■ In the Matter of RONALD N. SHIELDS, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled, with costs, and matter remitted to respondent for further proceedings in accordance with the

memorandum. Memorandum: Petitioner's chauffeur's license was suspended for 180 days following a hearing upon a finding of gross negligence in the operation of a motor vehicle. The evidence thereat consisted of the testimony of petitioner and a police officer. It appears therefrom that petitioner's car struck the rider of a bicycle at a point where two streets intersected and a third street came into the intersection at an angle. The police officer presented a diagram thereof but this was not marked or received in evidence and the description thereof by the hearing Referee (in the light of the photographs submitted for the first time by consent upon argument of the appeal) is unintelligible. The facts within the knowledge of petitioner, who appeared without counsel at the hearing, were not adequately developed. He testified that he saw the boy on the bicycle " coming on the sidewalk on the curb going pretty fast. I figured he would stop. He come off between a pole and a parked car and I stopped as quick as possible." It was not brought out whether the bicycle rider was on the curb or sidewalk of Martin Street or Bausch Street. Any finding of gross negligence must have been based on the hearsay testimony of the police officer. The latter testified at considerable length as to statements made to the officer by an alleged eyewitness to the accident. He could not state the name of the witness but it was on the accident report which was not submitted. This unidentified witness had told the officer the bicycle rider was on the " pavement" and not the sidewalk but at another point the officer related the boy "had been riding on the sidewalk of Bausch Street." According to this hearsay version petitioner made a left turn and did not stop. When the bicycle rider saw the car he swung to his left but failed to avoid collision with the vehicle. While at a hearing such as this one, hearsay testimony is not barred (1 N. Y. Jur., Administrative Law, § 121, pp. 476–478) it is required that there be a " residual" of competent evidence of probative force so substantial as to support the determination of the agency. (*Matter of Reynolds* v. *Triborough Bridge & Tunnel Auth.*, 276 App. Div. 388, 390; see, also, *Matter of Stammer* v. *Board of Regents*, 287 N. Y. 359, 365; *Matter of Cianelli* v. *Department of State*, 16 A D 2d 352.) In the absence of some compelling reason to the contrary petitioner had the right to be confronted by the witnesses who presented proof against him (*Matter of Kafka* v. *Fletcher*, 272 App. Div. 364, 368) and to a hearing that was fair in all substantial respects. (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 470; *Matter of Greenbaum* v. *Bingham*, 201 N. Y. 343, 357; *Matter of Hilton Hotels Corp.* v. *Epstein*, 14 A D 2d 399, 402, affd. 11 N Y 2d 978.) Absent the hearsay testimony we find no substantial evidence to support the determination of respondent. Moreover, the hearsay testimony is so confusing and conflicting that it is difficult to evaluate. In the interests of justice there should be a new hearing at which presumably with a minimum of effort the testimony of the unidentified eyewitness may be received, together with the other proof received thereat and a knowledgeable determination made. (Review of determination of respondent suspending petitioner's operator's license for 180 days, transferred by order of Monroe Special Term.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.