■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL ALMOND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered March 9, 1970, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, in the interests of justice, and new trial ordered. The jury found, in the language of the indictment, that the defendant, on October 7, 1969, "with intent to cause serious physical injury to Patrick Wallace, caused the death of said Patrick Wallace by stabbing him in the neck with a knife" (Penal Law, § 125.20). At the trial, defendant admitted the slaying but claimed he stabbed the decedent, a building superintendent, when the latter, without provocation, attacked him with a monkey wrench (Penal Law, § 35.15 subd. 2, par. [a]).

Whether defendant acted with the specific criminal intent required by the statute and whether the slaying was justified because the decedent was unlawfully using deadly physical force and defendant knew that he could not retreat with complete safety were issues upon which the evidence was very close. Hence, though no exception was taken, we reverse the judgment in the interests of justice because the charge to the jury, with respect to these critical issues, contained four substantial errors (*People* v. *Butts,* 14 A D 2d 486). First, the trial court committed grave error when it twice charged the jury that the intent to cause serious physical injury, required for proof of manslaughter in the first degree, could be found, if they so concluded, in defendant's subconscious mind. In our criminal law, subconscious intent has never been an element of *mens rea.* Second, it was error to leave it to the jury to say whether the monkey wrench used by the decedent was "such a deadly weapon employed as a club capable of doing serious physical injury or death". Examination of the large monkey wrench at bar leaves no doubt that, if used as a club, it could inflict serious physical injury or death. Hence, defendant was entitled as a matter of law to a charge that the wrench, when so used, was a weapon of that character. Third, the charge concerning the People's burden of persuasion with respect to defendant's ability to have retreated with complete safety was too general in form. The court should have charged explicitly that the People were required to prove beyond a reasonable doubt that defendant knew that he could have retreated with complete safety. Fourth, it was error to charge, in substance, that the defense of justification turned on whether the attack by the decedent occurred in the basement office or in the basement hall. Proof that the attack upon defendant occurred in the basement hall was not proof beyond a reasonable doubt that he could have retreated with complete safety. Rabin, P. J., Munder, Martuscello and Christ, JJ., concur; Hopkins, J., concurs in the reversal of the judgment, but otherwise dissents and votes to dismiss the indictment, with the following memorandum: The People failed to prove beyond a reasonable doubt that defendant knew that he could have retreated with complete safety and that he thus could have avoided the necessity of using deadly physical force. Any finding by the jury that defendant knew that he could have retreated with complete safety would have been wholly speculative. The People's proof showed that, if defendant had attempted to retreat, he could have run up a basement service ramp towards the street or he could have run into another part of the basement. If he had run up the ramp, he had to pass the wrench-swinging decedent. If defendant had run somewhere in the basement, he would have been in an area with which he was unfamiliar and, in fact, in an area of which we are ignorant because it is not described in the record. There is no evidence in this record concerning the layout of the basement and its relationship to defendant's knowledge of safe retreat. Therefore, the jury could not have concluded that defendant beyond a reasonable doubt knew he could have retreated with complete safety by running past the wrench-swinging decedent or while being pursued by him in the basement. Further, a finding that defendant, with complete safety, could have freed himself of the decedent's seemingly unprovoked attack, while literally engaged in hand-to-hand combat with him, cannot be made beyond a reasonable doubt, at least not on the evidence before us. It is not enough for the jury to have guessed that defendant could have done it and the record allows only a guess on that point.