■ In the Matter of JACK MINTZ POULTRY, INC., Petitioner, v. FRANK WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Commissioner of Agriculture and Markets which revoked petitioner's poultry slaughterhouse license. Petitioner is the operator of a small animal-poultry slaughterhouse located in New York City and was issued the license in question on June 1, 1971. A series of inspections of petitioner's physical plant revealed multiple deficiencies in violation of the Agriculture and Markets Law. After one of the inspections by Federal and State authorities, petitioner's operation was determined to be a danger to public health. Some of these deficiencies were not corrected as requested, culminating on July 13, 1971 in the posting of rejection tags on the processing room and live bird holding area and the placing of a retain tag on all poultry. In spite of these tags petitioner sold 480 pounds of poultry. On July 20, 1971 petitioner's president was personally served with a notice of a hearing to determine whether his license should be suspended or revoked. The hearing was scheduled to be held in Albany on July 22, 1971 at 10:00 A.M. On July 21 petitioner's attorney phoned and asked for an adjournment on the ground that he had a dental appointment on that day. The request was refused. No one appeared at the hearing on behalf of petitioner. The hearing was nevertheless held and respondent thereafter revoked petitioner's license. The sole issue presented on this appeal is whether petitioner had reasonable time to prepare and defend itself against the charges contained in the notice of hearing. Petitioner was entitled to a full hearing before the license could be revoked (*Matter of Hecht* v. *Monaghan,* 307 N. Y. 461). Implicit in the right to a full hearing is ample notice of the charges (*Matter of Murray* v. *Murphy,* 24 N Y 2d 150, 157). Concededly, petitioner had notice of the hearing and knew the gravaman of the charges. The issue thus narrows to the sufficiency of time allowed by that notice. Whether one has received reasonable notice depends upon the facts and circumstances of the particular case. In the instant case we are confronted with two conflicting interests. The petitioner is concerned with protecting his license so that he can continue in business. Respondent is charged with the duty of protecting the public from the sale of unwholesome food. A resolution of the issue, therefore, requires a balancing of these interests under all of the circumstances. An examination of the record reveals that the deficiencies in petitioner's operation had existed for many months and respondent had requested that they be corrected. The record also reveals that the conditions existing in the processing room and bird handling areas were not conducive to the processing of wholesome food. It further reveals petitioner was aware of the conditions, but nevertheless continued to sell poultry after the rejection tags were posted. Under these circumstances respondent could conclude that time was of the essence and an immediate hearing was necessary in order to protect the public interest. It is significant that the only reason given for requesting an adjournment was an appointment of petitioner's attorney with the dentist. There is no medical proof that he was unable to interview the witnesses or appear at the hearing. There was no assertion by petitioner or his attorney that there was insufficient time to prepare for the hearing. It is also significant that petitioner's president, although served on July 20 and well aware that the hearing was to be held on July 22, went on vacation. Taking the record as a whole, we cannot say that the notice afforded petitioner was unnecessary for the proper protection of the consumer

public, nor that petitioner did not have reasonable time under the circumstances to prepare for the hearing. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.