■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 10, 1979, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Due to several errors committed at trial, the defendant was deprived of a fair trial. The indictment stems from five alleged narcotics sales made by defendant, a police officer, to another police officer who had agreed to participate in an investigation of narcotics involvement by members of the police department. At trial, on redirect examination of the "cooperating" police officer, the prosecutor was permitted, over objection, to question this main witness about his Grand Jury testimony against other police officers involved in narcotics transactions, including the disposition of those cases. It was clearly error to permit the witness to testify as to these separate and extraneous crimes, committed by one other than the accused. (See *People v Roland,* 40 AD2d 1007.) This error was compounded by the prosecutor's remarks on summation as he again referred to the testimony concerning the cases of the other police officers. (See *People v Perez,* 69 AD2d 891, 892.) In addition, the court struck the entire testimony of one character witness. This, too, was error because good reputation may be shown by negative evidence. *(People v Van Gaasbeck,* 189 NY 408, 419-420; cf. *People v Pryor,* 70 AD2d 805.) Lastly, it was error for the prosecutor to refer to character witnesses who could have been called by defendant. It is clear that a defendant does not have a duty to call any witnesses. (See *People v Figueroa,* 38 AD2d 595.) This court concludes that the cumulative effect of these errors deprived defendant of a fair trial. We note that upon retrial the tapes utilized at the previous trial may be admitted into evidence. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.