■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY LA SUSA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered January 14, 1981, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing

sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Whether the defendant knew he could retreat with complete safety as to himself and his companion, to avoid the use of deadly physical force upon the decedent, is an issue upon which the evidence was very close. The court's initial instruction to the jury that the People were required to prove beyond a reasonable doubt that defendant *knew* he could retreat with complete safety was proper. However, the court committed substantial error when it subsequently charged the jury that "[t]he question is: was the defendant in this case in a position where he *could* have retreated with complete safety" (emphasis supplied). Thereafter the court again erroneously charged the jury, that "this [justification] defense would not be available to the defendant if the People convinced you beyond a reasonable doubt that the defendant *could,* with complete safety as to himself and others, avoid the necessity of using deadly physical force by retreating" (emphasis supplied). The subsequent instructions had the effect of (1) substituting an objective standard to be applied by the jury when deliberating on the issue of whether defendant complied with the duty to retreat under the law of justification (see Penal Law, § 35.15, subd 2, par [a]) and (2) omitting from the prosecutor's case knowledge as an essential element of proof. When the charge is viewed in its entirety, we conclude that the jury would not have gathered from its language the correct standard to be applied in arriving at its decision. Therefore, despite the failure to take exception to the charge, we reverse, the judgment in the interest of justice (see *People v Almond,* 37 AD2d 571). Moreover, the prosecutor erred in commenting upon the absence of a potential defense witness named "T.C.", who allegedly could have corroborated defendant's allegation that he brought the knife used in the stabbing to the Mark V Lounge for the purpose of cutting an ice cream cake during a birthday celebration and negated the inference that defendant carried the knife for protection. The burden of proof always remains on the prosecution and never shifts. A defendant is under no duty to call witnesses and his failure to do so should be free of comment (see *People v Rencher,* 49 AD2d 609, 610; *People v Thompson,* 75 AD2d 830). The trial court proffered no curative instruction after defendant objected and, thus, the jury was left with the erroneous view that an unfavorable inference should be drawn from defendant's failure to call the witness. Mangano, J. P., Thompson, Brown and Niehoff, JJ., concur.