■ In the Matter of DENNIS J. WRONA, Petitioner, v W. DENIS DONOVAN et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination dated March 11, 1981, which revoked petitioner's pistol permit. Respondent Samuel S. Yasgur, County Attorney, moved to dismiss the proceeding. By order dated September 28, 1981, this court remitted the matter to the Supreme Court, Westchester County, to hear and report on the issue of the timeliness of the proceeding. The proceeding and motion were held in abeyance in the interim. Special Term has now complied. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a hearing and determination consistent herewith. The motion to dismiss is denied. By virtue of the fact that petitioner's employment requires him to carry a gun (he guards cash payrolls), due process requires a hearing on whether his pistol permit should be revoked. Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN BROOKS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered May 16, 1979, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At trial the victim made a positive identification of the defendant as the person who robbed him at gunpoint on September 4, 1978 and the defendant's confession to the crime was introduced in evidence by the prosecution. The defendant did not testify at the trial. In its charge on the alibi defense, the court instructed the jury that: "you must be satisfied as to the truth of the alibi". Such language has been interpreted as shifting the burden of proof to the defendant on the alibi issue and has, therefore, been deemed improper (Penal Law, § 25.00, subd 1; *People v Costales,* 87 AD2d 635; *People v Reed,* 83 AD2d 645; *People v Cadorette,* 83 AD2d 908, application for lv to app granted 54 NY2d 1032). Additionally, the jury was told that the alibi evidence was to be carefully scrutinized, without being given a similar instruction with regard to the prosecution's identification evidence. This was also error (*People v Reed, supra*). Neither of these aspects of the charge was objected to and, therefore, was not preserved for review (*People v Lipton,* 54 NY2d 340). In view of the overwhelming evidence of defendant's guilt, such errors may be characterized as harmless beyond a reasonable doubt (*People v Crimmins,* 36 NY2d 230) and are, therefore, not appropriate grounds for reversal as a matter of discretion in the interest of justice (*People v Cadorette, supra*). Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.