■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHAPMAN, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Nastasi, J.) rendered September 10, 1982, convicting him of attempted burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised upon this appeal. Upon the court's own motion, counsel is granted permission to withdraw. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GONZALEZ, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Floyd, J.), rendered July 15, 1982, convicting him of burglary in the second degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's conviction arose out of an incident which occurred on January 17, 1981 in Lake Ronkonkoma, New York. The complainant testified that defendant, whom she had known since July, 1979, was one of two men who broke into her home, beat her up and ransacked the premises. The defendant took the stand and testified that at the time of the crime he was with a friend at Sterling Optical in Astoria, Queens, picking up a pair of eyeglasses. On the instant appeal, defendant contends that the court's alibi charge was improper. It is true, as defendant asserts, that the court failed to instruct the jury that even if they disbelieved the alibi defense, the People still had the burden of proving defendant's guilt beyond a reasonable doubt. In this regard, the charge was inadequate (see *People v Vera,* 94 AD2d 728; *People v Knowell,* 94 AD2d 255). However, no objection was interposed by the defense to the charge and, accordingly, it has not been preserved for appellate review as a matter of law (*People v King,* 91 AD2d 1073; *People v Smith,* 87 AD2d 640). Nor do the circumstances of this case warrant a reversal in the interest of justice. Finally, it should be noted that the prosecution, during cross-examination of defendant, insinuated that defendant could have called either his friend or the optician as alibi witnesses. However, a defendant "is under no duty to call witnesses and his failure to do so should be free of comment" (*People v La Susa,* 87 AD2d 578, 579). Accordingly, these remarks by the prosecutor were improper, and while they are insufficient under the facts of this case to warrant a reversal, they should not be repeated in the future. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.