■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. SHAW, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Di Vernieri, J.), rendered December 14, 1979, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The instant case is one where the complainant's identification of defendant as her assailant is particularly strong, thereby rendering harmless any error committed at trial.

The evidence adduced at trial established that as the complainant attempted to rise from her bed during the early morning hours of December 26, 1978, she was struck on the head and thereafter struggled with an assailant who had broken into her apartment with an accomplice. During the struggle, the complainant looked directly at the assailant's

face from a distance of two or three feet as he held her down. Moreover, while clasping his hand over the complainant's mouth as he attempted to subdue her, the assailant identified himself, stating, "Miss Eva, this is Mark. Don't scream. You know me. This is Mark". At trial, the complainant positively identified defendant, whom she had known previously for many years, as the person who had accosted her.

On appeal, defendant argues, *inter alia,* that the court's charge with respect to his alibi was erroneous, that the prosecutor deprived him of a fair trial because during the summation he described defendant as a liar and that the prosecutor improperly bolstered the credibility of the complainant and commented unfairly upon the defendant's failure to produce a witness whose testimony could corroborate defendant's testimony as to his whereabouts just prior to the commission of the crime. Only the latter remark was objected to at trial.

In its charge on the alibi defense, the court instructed the jury that: "The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of that alibi" and that the alibi evidence "should be most carefully scrutinized". Such language has been interpreted as shifting the burden of proof to the defendant on the alibi issue and has, therefore, been deemed improper (*People v Victor,* 62 NY2d 374, 378; *People v Costales,* 87 AD2d 635; *cf. People v Brooks,* 88 AD2d 998). This aspect of the charge was not objected to, however, and therefore was not preserved for review (*People v Lipton,* 54 NY2d 340, 351; *People v Brooks, supra*). In any event, given the soundness of the complainant's identification, the error may be characterized as harmless beyond a reasonable doubt.

Moreover, although courts have repeatedly condemned the bolstering of a witness's testimony and statements by a prosecutor to the effect that a witness is a "liar" (*People v Bailey,* 58 NY2d 272, 274-275; *People v Shanis,* 36 NY2d 697; *People v Jones,* 89 AD2d 875), the comments objected to here were responsive to similar remarks made by defense counsel, who himself vouched for the defendant's credibility and further suggested that the complainant may have testified because "perhaps there is some kind of axe to grind here".

Further, the prosecutor's reference to the defendant's failure to call his father as a witness, whom defendant claimed to have been with until just before the commission of the crime, was not error. Where the defendant, as in the instant case, elects to present affirmative proof, the fact that he has failed

to call a material witness under his control may be brought to the jury's attention (*People v De Jesus,* 42 NY2d 519, 525). We have reviewed defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.