THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CLEVELAND, Appellant.—Judgment reversed, on the

law, and new trial granted. Memorandum: Defendant appeals from a judgment of conviction for assault in the first and second degrees arising out of a stabbing incident. At trial, defendant asserted a defense of justification (Penal Law § 35.15) and claimed that the victim came at him with a cane, struck him in the head and made other attempts to strike defendant. During her summation, the prosecutor stated that there was "no way" the cane was capable of causing serious physical injury. Defendant made a timely request for a jury instruction that, depending upon the circumstances, the cane could be considered a dangerous instrument. The court concluded that the cane's status as a dangerous instrument was irrelevant to defendant's use of deadly physical force and denied the request.

A dangerous instrument is one which, depending upon the circumstances of its use, "is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Deadly physical force is force which, "under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]). Clearly, if the cane could be considered a dangerous instrument, this fact would be highly relevant in determining whether defendant reasonably believed the victim was "using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]).

When discussing the elements of assault and defendant's use of a knife, the court read the statutory definition of "dangerous instrument" to the jury. The court never mentioned the victim's use of a cane and did not correct the erroneous statement made by the prosecutor during summation. Inasmuch as the request was a correct statement of the law and supported by the evidence, defendant was entitled to the jury instruction pertaining to his defense *(People v Almond,* 37 AD2d 571, 572; *see also, People v Almodovar,* 62 NY2d 126, 132), and the court's refusal to so charge, particularly in light of the prosecutor's improper and erroneous remark, constituted reversible error *(see, People v Williams,* 90 AD2d 193, 196).

We have considered defendant's remaining contentions and find them to lack merit.

All concur, except Boomer, J., who dissents and votes to affirm in the following memorandum.

Boomer, J. (dissenting). Twice defendant's counsel requested a charge "that the walking stick as a matter of law is a

dangerous instrument". Finally, he amended his request by "asking for specific instructions *as a matter of law* that the walking stick is a dangerous instrument—depending upon the circumstances under which it is used. That is the language I request." (Emphasis supplied.) The requested charge is clearly erroneous; hence, it was properly denied. Whether the walking stick was capable of causing serious bodily injury or death was a question of fact for the jury, not a matter of law. Moreover, the underlying issue before the jury was not whether the walking stick was capable of causing death or serious physical injury "depending upon the circumstances under which it was used", but whether it was so capable under the particular circumstances it was used or threatened to be used in this case.

Moreover, the term "dangerous instrument" is nowhere to be found in the statutory definition of justification and the court's charge on this issue was accurate and complete.

Contrary to the statement of the majority, the prosecutor committed no error in her summation. Since the issue of fact before the jury was whether defendant reasonably believed that the victim was about to use deadly physical force, she was entitled to argue as a question of fact that the light walking stick was not capable of causing death or serious physical injury. Defense counsel was free to argue otherwise. In no event was this question one of law. (Appeal from judgment of Supreme Court, Monroe County, Pine, J., at trial —assault, first degree, and assault, second degree.) Present— Callahan, J. P., Denman, Boomer, Green and Balio, JJ.