■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RIVERA, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey Atlas, J.), rendered January 3, 1989, convicting defendant after a jury trial of Criminal Possession of a Controlled Substance in the Third Degree, for which defendant was sentenced to 1 to 6 years, unanimously affirmed.

Defendant was observed by police officers with binoculars in an observation post participating in several narcotics sales on

the Lower East side. Testifying in his own behalf, he explained that the $1,200, which was recovered from the car in which he was seated, actually was the proceeds of a lottery which he had won a few days previously. Defendant claimed that he stated his intention to buy the car to the person who ran his private lottery group, and that another member of the same group agreed to lend him additional money. Defendant did not call these witnesses at trial. Nevertheless, defendant testified that he had seen each witness only a few days prior to trial, and knew how to reach them if he had to.

On the People's application, the Court submitted a missing witness charge with respect to each witness. This was done without objection or exception and is therefore not preserved. In any event, under the standard set forth in *People v Gonzalez* (68 NY2d 424, 427-429), we do not find it to have been an abuse of discretion to submit the charge. Nor was it error for the prosecutor to comment during summation on defendant's failure to produce the witnesses *(see, People v Shaw,* 112 AD2d 958). We further note that there was overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230). Concur —Carro, J. P., Wallach, Ross, Kassal and Rubin, JJ.