■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED RUDOLPH TUCKER, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court's charge on his alibi defense was erroneous because it suggested that the defendant had a burden of proof, which he does not (see, People v Victor, 62 NY2d 374). We are obliged to address that issue notwithstanding defendant's failure to preserve it for review by timely objection (see, People v Jackson, 167 AD2d 893). We find the error harmless, however, because the evidence of defendant's guilt was overwhelming. The victim of the attempted murder, who was a close acquaintance of the defendant, testified that defendant fired several shots at her and her boyfriend, the murder victim, in retaliation for her boyfriend's alleged theft of cocaine from the codefendant. Another witness testified that he observed defendant carrying the murder weapon shortly after the shooting occurred. Thus, we conclude that there is no reasonable possibility that the court's erroneous alibi instruction contributed to defendant's convictions (see, People v Crimmins, 36 NY2d 230, 237; People v Cadorette, 83 AD2d 908, affd 56 NY2d 1007; People v Shaw, 112 AD2d 958, 959).

We have reviewed the other issues raised on appeal by counsel and by defendant pro se and find them to be without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.