■ HONEY DIPPERS SEPTIC TANK SERVICES, INC., et al., Respondents, v ANTHONY M. LANDI et al., Appellants. [604 NYS2d 128] —In an action for a judgment declaring, *inter alia,* Local Laws, 1985, No. 12 of the County of Westchester § 824.241 unconstitutional, and for injunctive relief, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered July 31, 1991, as (1) permanently enjoined the defendants from enforcing this provision without notice and a hearing, and (2) declared that the provision, insofar as it permits revocation of licenses without a hearing, to be unconstitutional.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced the instant action challenging the constitutionality of so much of Local Laws, 1985, No. 12 of the County of Westchester § 824.241 (1) as authorizes the Commissioner to revoke licenses for the disposal of scavenger wastes "at any time" for willful, continued, or persistent violation of the chapter or any of the terms and conditions of the license. In addition, the plaintiffs sought a permanent injunction restraining Westchester County from enforcing this provision.

The Supreme Court properly determined that the defendants denied the plaintiffs their due process rights by failing to grant them notice and a hearing prior to the revocation of their licenses for the discharge of scavenger wastes into the county trunk sewer system and public sewers tributary thereto. A hearing is required where expressly provided by statute or where an agency adversely affects property rights *(see, Matter of Hecht v Monaghan,* 307 NY 461). In the present

case, the plaintiffs' licenses to discharge wastes within Westchester County are essential in the pursuit of their livelihood and constitute a right which may not be taken away without due process of law *(see, Bell v Burson,* 402 US 535, 538; *Matter of Hecht v Monaghan,* 307 NY 461, 467-468, *supra; Matter of Wrona v Donovan,* 88 AD2d 998; *Matter of Mintz Poultry v Walkley,* 41 AD2d 865; *Matter of Shields v Hults,* 21 AD2d 745; *Matter of Sculetti v Sheridan,* 12 AD2d 801). The plaintiffs in this case were not accorded notice and a reasonable opportunity to be heard prior to the revocation of their licenses *(see, Mathews v Eldridge,* 424 US 319, 332-333). Only after the plaintiffs' licenses had been revoked were they given an opportunity to submit any evidence in their behalf. Therefore, Supreme Court was correct in finding that the plaintiffs' constitutional rights were violated in this instance.

Furthermore, we agree with the Supreme Court that the above-mentioned provision is facially invalid under both the Federal and State Due Process Clauses.

We reject the defendants' contention that the plaintiffs failed to exhaust their administrative remedies and are therefore barred from pursuing the instant proceeding. Where, as here, the plaintiffs' claim is based solely on a constitutional challenge, the exhaustion of administrative remedies requirement is inapplicable *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *New York State Assn. of Counties v Axelrod,* 150 AD2d 845). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.