■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOPEZ, Appellant. [607 NYS2d 368] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered July 5, 1990, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, count two of the indictment, charging the defendant with murder in the second degree, is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726), and a new trial is ordered as to counts three and four of the indictment, charging the defendant with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, respectively.

The defendant was charged with two counts of murder in the second degree and with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree in connection with the shooting death of Fernando Rodriguez. The incident occurred following an earlier altercation between two groups of individuals, one of which included the deceased and his friend and the other of which included the defendant's brother. The defense proffered at trial was one of justification, with the defendant's witnesses testifying that a group of men, among whom was the deceased, surrounded the defendant and made some threatening

gestures toward the defendant before the defendant took out his gun and shot the deceased.

The trial court erred when it permitted the People to introduce evidence on their direct case tending to establish the deceased's allegedly nonviolent nature. Just as evidence of the victim's quarrelsome or violent nature is only admissible to support a justification defense where the defendant is aware of that reputation *(see, People v Miller,* 39 NY2d 543, 548-552; *People v Pizzaro,* 184 AD2d 448, 449), so too, evidence of the deceased's nonviolent nature is only probative where it is established that the defendant was aware thereof. Thus, the trial court improvidently exercised its discretion in permitting the People to introduce evidence of the deceased's minor, nonviolent criminal record, and to question their witnesses as to whether or not they had ever seen the deceased carry a gun or a knife.

The trial court further erred when it instructed the jury concerning the justification defense. Initially, the trial court properly instructed the jury that an individual is not justified in using deadly force against another, even if he reasonably believes that person is about to use deadly physical force against him, if he knows that he can, with complete safety to himself and others, retreat *(see,* Penal Law § 35.15 [2] [a]). However, the court committed substantial error when it subsequently charged the jury that "all that is a fancy way of saying, if there is another way of getting him out of it he's got to take it. Do you understand? It says, before you could use deadly physical force your back has to be against the proverbial wall". This subsequent instruction had the effect of substituting an objective standard to be applied by the jury when deliberating on the issue of whether the defendant complied with the duty to retreat under the law of justification, and omitting from the prosecutor's case knowledge as an essential element of proof *(see,* Penal Law § 35.15 [2] [a]; *People v La Susa,* 87 AD2d 578). Viewing the charge in its entirety, we conclude that the jury would not have gathered from its language the correct standard to be applied when arriving at its decision. Thus, reversal in the interest of justice is warranted *(see, People v La Susa, supra).*

The erroneous admission of prejudicial evidence, compounded by the trial court's instructions to the jury concerning the justification defense, created a "significant probability * * * that the jury would have acquitted the defendant had it not been for th[ose] error[s]" *(People v Crimmins,* 36 NY2d 230, 242). These errors seriously and prejudicially undermined

the defendant's justification defense, which, if accepted, would call into question whether the defendant possessed the gun with an intent to use it unlawfully. Accordingly, the judgment of conviction must be reversed in its entirety *(see, People v Guadalupe,* 122 AD2d 807). Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.