■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WOOD, Appellant. [707 NYS2d 184] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered April 22, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While a defendant is under no duty to call any witnesses and, ordinarily, the prosecution should not comment on his or her failure to do so (*see, People v Gonzalez,* 97 AD2d 423; *People v La Susa,* 87 AD2d 578; *People v Thompson,* 75 AD2d 830), if a defendant elects to adduce affirmative proof of his innocence, his failure to call material witnesses under his control in support of his defense may be brought to the attention of the jury and does not constitute an impermissible effort to shift the burden of proof (*see, People v Tankleff,* 84 NY2d 992, 994; *People v Wilson,* 64 NY2d 634, 636; *People v Johnson,* 167 AD2d 422; *People v Shaw,* 112 AD2d 958, 959-960). The defendant testified regarding his emotional state upon his arrival at a friend's home to establish that he did not commit the crimes charged. Accordingly, the prosecutor properly brought to the jury's attention the defendant's failure to call this friend as a witness. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.