■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN FOLGER, Appellant. [740 NYS2d 740] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered January 29, 1999, convicting defendant after a jury trial of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree (Penal Law § 125.20 [1]) in connection with the death of a person with whom, according to the trial testimony of defendant, he had been engaged in a fist fight. Contrary to the contention of defendant, Supreme Court properly refused to suppress an inculpatory statement that he made after invoking his right to counsel. As the court properly found, the statement was not "triggered by police conduct that should reasonably have been anticipated to evoke a statement from defendant" and thus was spontaneous (*People v Payne,* 233 AD2d 787, 788).

Although the court erred in permitting testimony regarding the nonviolent nature of the victim in the absence of evidence that defendant was aware of the victim's nonviolent nature (*see, People v Lopez,* 200 AD2d 767, 768), the error is harmless.

The evidence of guilt is overwhelming, and there is no "significant probability * * * that the jury would have acquitted the defendant had it not been for the error" (*People v Crimmins*, 36 NY2d 230, 242). We further conclude that the evidence, when viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), is legally sufficient to disprove defendant's justification defense and to support the conviction (*see, People v Bleakley*, 69 NY2d 490, 495; *see also, People v Taylor*, 94 NY2d 910, 911-912). Defendant admitted at trial that the victim "swung" at him twice and barely grazed his face and that he thereafter held the victim in a "headlock" and punched him in the face. Defendant further admitted that the only injuries that he sustained were a cut inside his lip and cuts on his knuckles. According to the People's experts, the victim sustained blunt force trauma to the face and died from asphyxiation caused by teeth and blood in his throat. Contrary to defendant's contention, the court did not abuse its discretion in permitting one of the People's experts to testify that some of the victim's injuries were "entirely consistent" with having been inflicted by a boot (*see generally, People v Keindl*, 68 NY2d 410, 422, *rearg denied* 69 NY2d 823). Also contrary to defendant's contention, the verdict is not against the weight of the evidence. Although we conclude that a different result would not have been unreasonable had the jury credited the testimony of defendant and his expert, there is no basis upon which to conclude that the jury did not "give the evidence the weight it should be accorded" (*People v Bleakley, supra* at 495).

We reject defendant's contention that the integrity of the grand jury proceeding was impaired because the grand jury was not instructed on circumstantial evidence. "Such an instruction would not have been appropriate because 'in a wholly circumstantial case the evidence before the Grand Jury need not exclude to a moral certainty every hypothesis consistent with innocence' " (*People v Wooten*, 283 AD2d 931, 932, *lv denied* 96 NY2d 943).

By failing to object to the jury charge, defendant failed to preserve for our review his contention that the court erred in instructing the jury concerning the justification defense (*see,* CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1001-1002); and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.