■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL D. PHILLIPS, Appellant. [821 NYS2d 352]—

Appeal from a judgment of the Monroe County Court (Patri-

cia D. Marks, J.), rendered November 9, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the third degree as a hate crime.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree as a hate crime (Penal Law § 120.00 [1]; § 485.05 [1] [b]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence," great deference is accorded to the factfinder's resolution of credibility issues (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005]; *see generally Bleakley*, 69 NY2d at 495; *People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]). Thus, although a different result would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that County Court committed reversible error in charging the jury that defendant had a duty to retreat if safely able to do so. Although defendant failed to object to the charge and therefore failed to preserve that contention for our review (*see People v Folger*, 292 AD2d 841, 842 [2002], *lv denied* 98 NY2d 675 [2002]; *see generally People v Robinson*, 88 NY2d 1001 [1996]), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Here, "the justification defense was a critical component of the trial" (*People v Feuer*, 11 AD3d 633, 634 [2004]), and the court's charge, even when viewed in its entirety, is not a " 'correct statement of the law' " (*People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). It is clear that the jury must determine whether a defendant could have retreated with complete safety only when a defendant uses deadly physical force (*see* Penal Law § 35.15 [2] [a]; *Matter of Y.K.*, 87 NY2d 430, 433 [1996]), and it is undisputed that defendant herein did not use deadly physical force. Therefore, viewing the evidence in the light most favorable to defendant, as we must when reviewing the adequacy of the court's charge (*see generally People v Aiken*, 4 NY3d 324, 326 n 1 [2005]; *People v Padgett*, 60 NY2d 142, 144 [1983]), we conclude that the court's charge left

the jury with no choice but to reject the justification defense, inasmuch as the evidence established that defendant did not retreat although he could have done so with complete safety.

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.