■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON MINGO, Appellant. [921 NYS2d 107]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Loehr, J.), rendered March 4, 2009, convicting him of criminal possession of a controlled substance in the third degree, escape in the first degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved his contention that the trial court erred in failing to give a missing witness instruction with respect to a potential witness for the People. Although the trial court should have given a missing witness instruction, the failure to do so was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Beltry*, 235 AD2d 546 [1997]; *compare People v Marsalis*, 22 AD3d 866, 869 [2005]).

With respect to the missing witness instruction regarding a witness for the defense, the defendant failed to rebut the People's prima facie showing that they were entitled to that instruction (*see People v Edwards*, 14 NY3d 733, 735 [2010];

*People v Savinon*, 100 NY2d 192, 200-201 [2003]; *People v Gonzalez*, 68 NY2d 424, 427-431 [1986]). Likewise, since the defendant chose to present affirmative proof in his defense, the fact that he failed to call a material witness under his control was properly brought to the jury's attention and did not impermissibly shift the burden of proof (*see People v Rivera*, 292 AD2d 549 [2002]; *People v Wood*, 271 AD2d 705 [2000]; *People v Shaw*, 112 AD2d 958, 959-960 [1985]; *see generally People v Savinon*, 100 NY2d at 199-200).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Tardbania*, 72 NY2d 852, 853 [1988]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v White*, 5 AD3d 511 [2004]; *compare People v Williams*, 65 AD3d 484, 489 [2009]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.