THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL FLOYD, Appellant. [948 NYS2d 683]

The defendant contends that he was deprived of a fair trial because the prosecutor's summation comments regarding his failure to call certain witnesses in support of his alibi defense impermissibly shifted the burden of proof. However, since the defendant made only a single general objection to the comments now alleged to have been improper, his contention is unpreserved for appellate review (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v Brooks*, 89 AD3d 746, 747 [2011]; *People v West*, 86 AD3d 583, 584 [2011]). In any event, where, as here, a defendant elects to present evidence of his innocence, his failure to call significant witnesses in support of his defense may be brought to the jury's attention by the prosecutor, provided that the prosecutor's comments are not made in bad faith and are merely efforts to persuade the jury to draw inferences supporting the People's position (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v Gross*, 78 AD3d 1196 [2010]; *People v Williams*, 13

AD3d 660 [2004]). Contrary to the defendant's contention, such comments do not constitute an impermissible attempt to shift the burden of proof (*see People v Tankleff*, 84 NY2d at 994; *People v Mingo*, 83 AD3d 869, 870 [2011]; *People v Williams*, 13 AD3d at 660; *People v Rivera*, 292 AD2d 549 [2002]).

The defendant was not deprived of the effective assistance of counsel under the New York Constitution. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Grant*, 94 AD3d 1139 [2012]; *People v Baugh*, 91 AD3d 965 [2012]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's claim that the trial court failed to mark jury notes as court exhibits in violation of the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Starling*, 85 NY2d 509 [1995]; *People v Kisoon*, 23 AD3d 18, 21 [2005], *affd* 8 NY3d 129 [2007]). In any event, the trial court's failure to mark the jury notes in strict compliance with the procedure set forth in *O'Rama* does not require reversal because the court fulfilled its core responsibilities under CPL 310.30 by reading each note into the record in the presence of defense counsel, and giving defense counsel a meaningful opportunity to participate in the formulation of the court's responses (*see People v Woodrow*, 89 AD3d 1158, 1159-1160 [2011]; *People v Smikle*, 82 AD3d 1697 [2011]).

The remaining contention in the defendant's pro se supplemental brief is without merit. Rivera, J.P., Florio, Eng and Roman, JJ., concur.