THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT ROBBINS, Defendant.

City Court of Middletown, November 24, 1947.

*Wilmot Decker* for plaintiff.

*Abraham Isseks* for defendant.

FAULKNER, J. The defendant is charged with the commission of a felony under subdivision 4 of section 1897 of the Penal Law which prohibits an unlicensed person over sixteen years of age having in his possession, among other weapons, a pistol or a revolver of a size which may be concealed on his person. Under this subdivision, if such person has never been convicted of a crime, the offense constitutes a misdemeanor; if he has been, then it is a felony.

Briefly stated the facts are these: The defendant, who is a few months over sixteen, was convicted of a misdemeanor a short time before this charge was made against him. On October 10th, of this year, he was called to police headquarters in connection with an investigation of a crime and was interrogated by a police officer. In the course of this examination, he admitted that he had stolen a motor but denied that he had been involved in some other burglary or larceny which was the subject of the investigation. When the conference was over, he was instructed by the officer to return four days later. Instead of waiting that long he came the next day and asked for the same officer. He was told that he was not in and was asked by a fellow officer why he desired a conference. He replied that he wanted to clear up his troubles; that the police had him for stealing a motor; that he desired to tell the officer by whom he had been questioned that he had a gun at his house and to make a clean sweep of everything, so that he could go in the army.

Another officer was sent with the defendant to the latter's home where the defendant got a loaded revolver from beneath the porch where he had secreted it, and turned it over to the policeman. This charge was then made against him.

Upon the examination in connection with such charge, his previous conviction was established. Through counsel, the defendant maintained that under subdivision 6-a of section 1897 of the Penal Law, he was not guilty of the offense charged, because he had voluntarily delivered the weapon to a police officer " * * * under circumstances not suspicious, peculiar or involving the commission of any crime * * * ".

Subdivision 6-a was added by chapter 259 of the Laws of 1940. It provides as follows: " Where a person voluntarily delivers to a peace officer any pistol, revolver or other firearm or any other dangerous or deadly instrument or weapon mentioned in this section, under circumstances not suspicious, peculiar or involving the commission of any crime, such voluntary delivery of such revolver, pistol, firearm or other dangerous or deadly instrument or weapon shall preclude the arrest of such person, and, instead, the officer or officers who might make the arrest shall issue or cause to be issued in a proper case, a summons or other legal process, for investigation ".

That the delivery by the defendant was voluntary is undisputed. But whether it was made " under circumstances not suspicious, peculiar or involving the commission of any crime " is something else.

As previously indicated, the revolver was surrendered pending a further interrogation with respect to an unsolved crime, which was to have taken place three days following the delivery, and after the defendant had admitted the commission of a crime concerning which no disposition had been made.

Counsel for the defendant contends that the phrase " under circumstances not suspicious, peculiar or involving the commission of any crime " relates exclusively to matters associated with the weapon or its use.

The court does not believe that the Legislature intended any such restricted use. In enacting subdivision " 6-a " the Legislature intended to effect a voluntary surrender of unlicensed weapons and to grant immunity to those who turned them in, if the surrender was made " under circumstances not suspicious, peculiar or involving the commission of any crime ". Under such circumstances even though the person possessing the weapon was guilty of the crime of possessing an unlicensed weapon, he could not be arrested for it unless the circumstances were suspicious or peculiar or involved the commission of a crime.

In the instant case the circumstances of the surrender were suspicious and peculiar. He was under police examination, had admitted the commission of one crime and was being interrogated respecting the commission of another. Isn't it reasonable to assume that he was fearful that his possession of the weapon might be revealed to the police in the course of this unconcluded inquiry?

It seems clear that under the facts established, the surrender was made under " peculiar " and " suspicious " circumstances. The former word means " unusual ", " strange " and " odd ".

There being sufficient cause to believe that the defendant is guilty of the crime charged, he is held to await action of the grand jury. Let him appear at the opening of court on November 26, 1947, for fixation of bail.