John J. Leahy, J.
This is a motion by defendant "for an order for the transcription and inspection of the Grand Jury Minutes and the dismissal of said indictment”. The motion to inspect the Grand Jury minutes is granted and upon inspection thereof, the court makes the following findings of fact and conclusions of law.
Defendant was indicted and accused therein of having committed the crime of criminal possession of a weapon in the third degree.
Initially, the court noted that the section of law relied upon by defendant is erroneously stated in his papers, but obviously does refer to subdivision b of section 265.20 of the Penal Law. Said section is entitled "Exemptions”, and provides in all 10 enumerated paragraphs and subdivisions thereof, for the specific exemption of certain persons (under specified conditions), from the provisions of article 265 of the Penal Law, which prohibits the possession of firearms, dangerous weapons, instruments and appliances; and also, section 270.05 of the Penal Law, which refers to the unlawful possession of noxious materials. The specific paragraph, in issue on the instant motion (Penal Law, § 265.20, subd b), is a general "catch all” provision, stating as follows: "At any time, any person who voluntarily delivers to a peace officer any weapon, instrument, appliance or substance specified in section 265.01, 265.02, 265.03, 265.04 or 265.05, under circumstances not suspicious, peculiar or involving the commission of any crime, shall not be arrested. Instead, the officer who might make the arrest shall issue or cause to be issued in a proper case a summons or other legal process to the person for investigation of the source of the weapon, instrument, appliance or substance.” (Emphasis supplied.)
The present defendant, on December 20, 1975 arrived at the J.F.K. International Airport on a flight from Spain. During a so-called lay-over, and before boarding a second aircraft, bound for defendant’s destination of Chicago, the defendant stated to one of the airline personnel, something to the effect that the pilot from the plane he had arrived on had held the *1037 weapon for him during his flight from Spain and returned it to defendant on his arrival in New York. The defendant then inquired if he could give it to the pilot, to hold for him, for the next leg of his flight. The said airline employee notified a police officer. In reply to the officer’s inquiry, the defendant readily admitted he had a gun; that same was in his coat, which was on a cart with his luggage; and the defendant consented to the police officer retrieving it therefrom and voluntarily surrendered same to him, whereupon the defendant was arrested.
The legislative intent in the enactment of said section was to protect innocent persons who, negligently, unknowingly or through some other excusable cause found themselves in possession of such statutorily prohibited items. (People v Rosen, 74 NYS2d 624; People v Robbins, 190 Misc 767.)
Quite obviously, a proper and liberal application of this provision of the law (Penal Law, § 265.20, subd b) would encourage citizens to voluntarily surrender proscribed weapons to the authorities.
The uncontroverted facts in the present case evince an innocent, open and honest intent on the part of this defendant. Of his own volition, the defendant approached and informed the airline personnel on two occasions, and the police officer as to his possession of the gun, and then voluntarily surrendered same to the police officer. Such surrender was, under circumstances that were in nowise suspicious, peculiar, and certainly not involving the commission of any crime. The defendant’s conduct was in exact accord with the dictates of the statute, and defendant’s actions were the very result sought to be accomplished by the statute.
The court concludes that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offense charged or any lesser included offense.
The motion to dismiss the indictment is granted and the bail is exonerated.