OPINION OF THE COURT
Renee A. White, J.
The defendant has been charged, along with another individual, Christopher Tenneriello, in an indictment on related gun charges. The defendant moved for an inspection of the Grand Jury minutes and dismissal or reduction of the indict *95 ment for lack of legally sufficient evidence. The court received the Grand Jury minutes and the court has conducted an in camera inspection.
CPL 210.20 (1) (b) provides that the court may dismiss an indictment or any count where the evidence is insufficient to establish the offense charged or any lesser included offense. CPL 210.20 (1-a) permits the court to reduce any count contained within the indictment where the evidence is legally insufficient to establish the crime charged but legally sufficient to establish the commission of a lesser included offense. The proper standard for reviewing the sufficiency of the evidence to support an indictment is "legal sufficiency” which is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged”. (See also, People v Jennings, 69 NY2d 103, 114-116 [1986].) In the context of Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004 [1975]). In addition, the evidence must be examined in a light most favorable to the People in determining whether it is legally sufficient (People v Warner-Lambert Co., 51 NY2d 295, 298-299 [1980], cert denied 450 US 1031 [1981]).
CPL 190.65 (1) provides, in pertinent part, that "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense * * * and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.”
Initially the court will address those counts of the indictment charging criminal sale of a firearm in the second degree under subdivision (1) of Penal Law § 265.11, a class E felony. Penal Law § 265.11 (1) expressly states:
"A person is guilty of criminal sale of a firearm in the second degree when he is not authorized pursuant to law to possess a firearm and he unlawfully * * *
"Sells * * * gives or disposes of a firearm to another person not authorized pursuant to law to possess a firearm”.
The evidence presented to the Grand Jury, in its broadest outline, indicates that the police were conducting an investigation of the illegal gun trade. A police officer, acting in an undercover capacity, purchased various guns from the defendant over a period of several months.
The novel issue, and apparently one of first impression, is *96 whether the sale of a firearm to a police officer working as part of an undercover operation, establishes the completed crime. More specifically can an undercover officer be a "person not authorized pursuant to law to possess a firearm”? (Penal Law § 265.11 [1].)
It is fundamental that in interpreting a statute the court must initially examine the language in light of its natural and most obvious meaning (Matter of Capital Newspapers v Whalen, 69 NY2d 246, 251 [1987], citing Price v Price, 69 NY2d 8, 15-17; McKinney’s Cons Laws of NY, Book 1, Statutes § 94, at 232). In addition, terms of general import will be given their full significance as long as there is nothing to denote an opposite intent. (Price v Price, supra.) Furthermore, in circumstances where the intention of the statute is unequivocal, there is no requirement to turn to the rules of construction (New Amsterdam Cas. Co. v Stecker, 3 NY2d 1, 6 [1957]).
"A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration” (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639 [1944]).
The statute at issue, Penal Law § 265.11 (1), is both clear and unambiguous. It succinctly requires that both the seller and the receiver of the firearms be unauthorized by law to possess the firearm. Clearly the officer, while working in this undercover investigation, was authorized under his employment to purchase the firearms at issue. His specific assignment was to purchase these weapons from the defendant. It is apparent that police officers have the authority to possess and take into custody firearms not owned by the officer, for any lawful purpose consistent with his duties. Although the defendant’s conduct would tend to indicate that he believed that he was selling the firearms to one who was unauthorized to possess, that is irrelevant. For a defendant’s own belief cannot substitute for an essential element of the crime.
Furthermore, the court notes that Penal Law § 265.20 provides for a blanket exemption regarding the possession of firearms by police officers. Penal Law § 265.20 states in pertinent part:
"a. Sections 265.01, 265.02, 265.03, 265.04 * * * 265.11, 265.12 * * * 265.15 * * * shall not apply to:
"1. Possession of any of the weapons * * * specified * * * by the following * * *
*97 "(b) Police officers as defined in subdivision thirty-four of section 1.20 of the criminal procedure law.”
Case law, in interpreting this statute, clearly holds that a police officer may possess or dispose of a weapon, even with evil purpose and intent, without fear of prosecution, for such possession is not prohibited by law. (People v Epperson, 137 Misc 2d 146 [Sup Ct, NY County 1987]; People v Desthers, 73 Misc 2d 1085 [Crim Ct, NY County 1973]; but see, People v Di Dominick, 94 Misc 2d 392 [Sup Ct, Kings County 1978].)
Considering all the above, namely, the unambiguous language of the statute defining the crime of criminal sale of a firearm in the second degree, the implicit powers of police officers to possess such firearms consistent with their duties as police officers and the Legislature’s broad exemption regarding possession of firearms by police officers, it is clear that the undercover officer was authorized by law to possess the firearms he purchased from the defendant.
What is the result when the status of the undercover officer negates an essential element of the crime charged? Courts have previously addressed the unique problem posed by an undercover’s participation during a criminal investigation.
Specifically, in People v Coleman (74 NY2d 381 [1989]), the defendant approached a 24-year-old female undercover officer whom he believed to be a 15-year-old runaway. The defendant encouraged her to engage in prostitution and proposed to act as her pimp. When the undercover officer refused to give the defendant her gold chain, he pulled it off her neck and later sold it for $30. The defendant was convicted of attempted promoting prostitution in the second degree.* The court stated that "although there is ample evidence that the defendant believed the officer to be 15 when he encouraged her to become a prostitute, it was nonetheless impossible for him to have been convicted of the completed crime of promoting prostitution in the second degree since the officer was in fact 24” (at 383).
Similarly in People v Zaborski (59 NY2d 863 [1983]) the Court of Appeals affirmed the Appellate Division, Second Department’s modification of defendant’s conviction of criminal possession of stolen property in the second degree. The modification reduced the conviction to the attempted crime. *98 The court held that it was legally impossible to commit the crime of criminal possession of stolen property where the defendant received the property from an agent of the police. Although the property was the proceeds of a burglary, its recovery by the police removed its "taint” and thus made it impossible for the defendant to possess stolen property. The court went on to state: "It is irrelevant that, at the time of the sale to defendant, the true owners of the property had not been located; from the time of recovery, the police were, in effect, agents of the rightful owners” (at 865).
In People v Babits (122 Misc 2d 6 [Sup Ct, Queens County 1983], affd 116 AD2d 1047 [2d Dept 1986]), the defendant, a store sales clerk, with full knowledge that the confidential police informer, who presented the card, was not the named cardholder, accepted a credit card in payment for goods. The presenter of the card was in fact authorized by the bank to use the credit card as part of an undercover operation. In vacating the defendant’s conviction for forgery in the second degree, the court found that it was legally impossible for the defendant to have " 'falsely’ ” completed the credit card slip " 'without the authority of anyone entitled to grant it’ ” within the meaning of the forgery statutes (at 10). The court modified the jury’s verdict to the attempted crime.
Similarly, this court finds that the completed crimes of criminal sale of a firearm in the second degree is precluded since the "buyer” is an undercover police officer. The evidence before the Grand Jury does not establish a necessary element of the crime: that the "buyer” was "unauthorized to possess the firearms”. Accordingly, the court reduces all the counts charging a violation of Penal Law § 265.11 (1) "Criminal sale of a firearm in the second degree”, a class E felony, to the "attempted criminal sale of a firearm in the second degree”, a violation of Penal Law §§ 110.00, 265.11, a class A misdemeanor. In reaching this conclusion the court is guided by the language of Penal Law § 110.10 which states: "If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.”
In conclusion, with respect to the counts of the indictment charging criminal sale of a firearm in the second degree under *99 subdivision (1) of Penal Law § 265.11, the court reduces these charges to attempted criminal sale of a firearm in the second degree, class A misdemeanors.
The effectiveness of this order shall be stayed for 30 days following entry of this order, unless waived by the People. On or before the conclusion of such period, the People shall exercise one of the following options pursuant to CPL 210.20 (6) (a): (a) Accept the court’s order by filing a reduced indictment; (b) Resubmit the reduced charges to a different Grand Jury or seek an extension of such time to do so upon a showing of good cause; or, (c) Appeal the order pursuant to subdivision (1-a) of CPL 450.20.

 A person is guilty of promoting prostitution in the second degree when he knowingly advances or profits from prostitution of a person less than the 16 years old.