OPINION OF THE COURT
Simons, J.
Defendant has been convicted after trial of assault, first degree (intentional assault), and criminal possession of a *129 weapon, second degree, on an indictment which also charged him with attempted murder, second degree, and a second count of assault in the first degree (reckless assault). The reckless assault count was dismissed by the court during trial and the jury acquitted defendant of attempted murder. The charges arose out of a street altercation between defendant and William Roche which ended when defendant fired several pistol shots at Roche striking him four times. Defendant claimed that he acted in self-defense, that Roche had attacked him first with the gun and then with a screwdriver and that he took control of the gun from Roche and used it to protect himself.
On this appeal he challenges the court’s charge to the jury in four respects.
Defendant’s principal claims are that the court erred in refusing to charge justification as a defense to criminal possession and that it erred in giving the jury supplemental instructions. He also complains of the court’s refusal to grant two other requests, that it charge the jury that the screwdriver allegedly possessed by the victim was a dangerous instrument and that it give a missing witness charge because the People failed to call to testify Carmen Rivera, the victim’s common-law wife, who had observed the fight.
The trial court instructed the jury that they should consider the defense of justification as to the first two counts of the indictment charging defendant with attempted murder in the second degree and assault in the first degree but that justification did not apply to count four, criminal possession of a weapon in the second degree. Instead, the court charged that temporary and lawful possession could result when a person obtains a weapon by wresting it from another who is about to attack him and that such temporary and lawful possession is a defense to a charge of criminal possession of a weapon in the second degree. Defendant requested that the court charge lawful possession in the language of People v Pendergraft (50 AD2d 531), i.e., that lawful possession includes possession for the purpose of self-defense. Since the Penal Law requires an “intent to use the [gun] unlawfully against *130 another” he claimed the instruction was necessary to negate the element of unlawful intent (see Penal Law, § 265.03).
The essence of the illegal conduct defined in sections 265.01-265.05 of the Penal Law is the act of possessing a weapon unlawfully. The crime may be more serious because of the intent with which the defendant acts but unless the possession is other than innocent there is no crime. Once the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime (see, e.g., Penal Law, § 120.00, subd 3; § 120.05, subds 2, 4; § 120.10, subd 1; § 160.15, subd 2; § 265.35).
In some circumstances, however, a person may possess an unlicensed or proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession. This defense of “temporary and lawful” possession applies because as a matter of policy the conduct is not deemed criminal (see People v La Pella, 272 NY 81; see, also, Penal Law, § 265.20; cf. People v Williams, 50 NY2d 1043). For example, a defendant may not be guilty of unlawful possession if the jury finds that he found the weapon shortly before his possession of it was discovered and he intended to turn it over to the authorities (People v La Pella, supra; People v Furey, 13 AD2d 412), or that he took it from an assailant in the course of a fight (People v Harmon, 7 AD2d 159). The innocent nature of the possession negates both the criminal act of possession and the intent with which the act is undertaken when intent is an element of the crime.
But a person either possesses a weapon lawfully or he does not and he may not avoid the criminal charge by claiming that he possessed the weapon for his protection. Justification may excuse otherwise unlawful use of the weapon but it is difficult to imagine circumstances where it could excuse unlawful possession of it (cf. People v Padgett, 60 NY2d 142). Accordingly, the only charge defendant was entitled to on the fourth count of the indictment was temporary innocent possession; any benefit he was entitled to because of the claim of self-defense pertained to the use *131 of a weapon and he received that when the court charged justification in connection with the counts of attempted murder and assault.
Nor was there error in the court’s supplemental instructions. After the jurors had deliberated for less than an hour, they sent a note to the court asking for the “legal definition of counts one, two and four.” When the Judge requested that they clarify their question, they sent back a list of the charges. The court summoned counsel and solicited requests or comments from them. Defense counsel replied that he had “no particular comment” on the inquiry and the prosecutor stated that she would interpret the jury’s note as a request for the elements of the charges. The court then returned the jury to the courtroom and gave supplemental instructions detailing the elements of the crimes contained in the three counts under consideration. The court did not repeat its instructions on justification but it did state that, to establish his guilt of criminal possession of a weapon, the People were required to prove beyond a reasonable doubt that defendant’s possession of the gun was not for lawful and temporary purposes. After the court had concluded and the jury had returned to the jury room to deliberate, defense counsel requested the court to repeat its charge on justification. The court refused to do so and counsel now claims this was reversible error. He contends that because the prosecution bears the burden of proving the absence of justification beyond a reasonable doubt once the defense is raised (see Penal Law, § 25.00; People v Steele, 26 NY2d 526, 528), the court’s failure to give supplemental instructions on that defense effectively reduced the prosecutor’s burden of proof.
CPL 310.30 provides that the jury may request further instructions at any time during its deliberations and if it does so the court must “give such requested information or instruction as [it] deems proper.” The court possesses some discretion in framing its supplemental instructions but it must respond meaningfully to the jury’s inquiries (People v Malloy, 55 NY2d 296, 301; People v Gonzalez, 293 NY 259, 262). The sufficiency of a trial court’s response is gauged by “the form of the jury’s question, which may have to be clarified before it can be answered, the particular issue of *132 which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant” (People v Malloy, 55 NY2d 296, 302, supra).
In this case the court received the jury’s written inquiry, clarified it with the foreman and asked both counsel to comment. Defense counsel made no request for a charge on justification at that time. The court then gave the supplemental instructions. The record does not indicate that it had misinterpreted the request or that the jurors were dissatisfied with the instructions given. They did not ask for further instructions on justification and defense counsel did not request it until after the jury retired. Under the circumstances, the court did not err when it refused to go beyond the jury’s request (see People v Malloy, 55 NY2d 296, 303, Indeed while it might not have been inappropriate for the court to remind the jurors in its supplemental instructions of defendant’s claim that his acts were justified, a return of the jurors to the courtroom for that purpose after they had resumed deliberations might well have placed undue emphasis on the issue.
 We find no error in the other points raised by defendant. The court properly denied counsel’s request to charge that Roche’s use of a screwdriver as alleged by defense witnesses rendered the screwdriver a dangerous instrument as a matter of law and its use a use of deadly physical force (Penal Law, § 10.00, subds 10, 13). The charge as requested contained several unresolved factual issues and the trial court had already given defendant a charge more favorable to his case when it instructed the jury that it could find that defendant was justified in defending himself against a reasonably apprehended danger even if they found that Roche did not have a weapon capable of inflicting deadly physical force. To be distinguished are those situations where the use of a dangerous instrument is an element of a charged crime (see People v Pena, 50 NY2d 400, 407), or where the uncontradicted nature and use of an instrument renders it capable of causing serious physical injury or death as a matter of law (see People v Almond, 37 AD2d 571). In such cases the court may be required to clarify the issue for the jury. Nor did the failure of the People to call Carmen Rivera to *133 testify entitle defendant to a missing witness charge. There was nothing to indicate that Ms. Rivera’s testimony would have contradicted or added to that of the other witnesses and defendant knew her identity yet chose not to call her (see People v Buckler, 39 NY2d 895).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer and Kaye concur.
Order affirmed.