OPINION OF THE COURT
Hancock, Jr., J.
Justification based on self-defense (Penal Law § 35.15) pertains only to the use of physical force (see, People v McManus, 67 NY2d 541). It does not apply to a crime based on the possession of a weapon, even though an element of the crime is that defendant possessed the weapon with the intent to use it unlawfully against another. Here, defendant’s conviction for criminal possession of a weapon in the second degree (Penal Law § 265.03) should be affirmed since the court properly refused to charge justification (Penal Law § 35.15) as a defense to that crime.
Defendant’s conviction arises out of a shooting which occurred after defendant had become embroiled in an argument at a party in which threats of violence were exchanged. Defendant left the party and returned with a gun wrapped in a towel. There was testimony that the victim returned with a sawed-off shotgun. At least one witness testified that the victim pointed the shotgun at defendant first. Ultimately, five or six shots were fired from defendant’s gun, two of them striking the victim who later died of the gunshot wounds.
Defendant was indicted for murder in the second degree and criminal possession of a weapon in the second degree. The court submitted both these charges to the jury as well as the lesser included offenses of first degree manslaughter and criminal possession of a weapon in the third degree. Defendant was acquitted of all charges except criminal possession of a weapon in the second degree. At trial, the court instructed the jury on justification (Penal Law § 35.15) with respect to the murder and manslaughter charges but, relying on People v Almodovar (62 NY2d 126), refused the request as to second and third degree possession. It declined to follow People v Lewis (116 AD2d 16) and People v Morris (109 AD2d 413, 417) which hold that justification is available to negate the element *266 of "intent to use unlawfully” in criminal possession of a weapon in the second degree. For reasons appearing hereafter, we conclude that the refusal of the justification charge under Penal Law § 35.15 was proper (see, People v Khan, 113 AD2d 773, 774; People v Wynn, 108 AD2d 768).
In People v Almodovar (62 NY2d 126, supra), where defendant was chárged with counts of murder, assault and criminal possession of a weapon, we held that the court correctly refused to charge justification as a defense to criminal possession of a weapon, second degree. There, defendant claimed that he came into possession of the weapon by wresting control of it from the victim who had attacked him with a gun and a screwdriver. We concluded that "the only charge defendant was entitled to on the [possession] count of the indictment was temporary innocent possession” (id., at p 130) and that any benefit "he was entitled to because of the claim of self-defense pertained to the use of a weapon and he received that when the court charged justification in connection with the counts of attempted murder and assault” (id., at pp 130-131). Emphasizing that crimes involving possession of a weapon are distinct from those involving its use, we observed that once "the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime” (id., at p 130).
Defendant would have us distinguish Almodovar because, unlike the defendant there, who asserted the defense of temporary possession, he does not claim that his possession of the gun was lawful from its very inception.* On the contrary, defendant’s only contention is that he lacked "intent to use [the weapon] unlawfully against another” (Penal Law § 265.03 [emphasis added]). In Almodovar, defendant points out, the issue turned on the lawfulness of defendant’s taking possession of the weapon, not on his subsequent intent to use it unlawfully. Thus, he argues, the court in Almodovar did not decide the precise question here: whether justification based on self-defense is a proper defense to the intent element of criminal possession in the second degree. While defendant concedes that justification is not a defense to the lesser crime of criminal possession in the third degree, he maintains that *267 he should have had the benefit of the charge as bearing not only on his use of the weapon in the murder and manslaughter counts but also on his intent to use it in second degree criminal possession.
Defendant’s argument proceeds on an erroneous conception of the fundamental basis for the justification defense found in Penal Law § 35.15. Contrary to his contention, justification does not negate a particular element of the crime charged. As we observed in McManus, justification "affirmatively permits the use of force under certain circumstances [citations omitted]. Pursuant to Penal Law § 35.15, a person fmay’ use physical force to defend himself or a third person, and his conduct, which would otherwise constitute an offense, is simply not criminal (see, People v Padgett, 60 NY2d 142, 145; cf. People v Sullivan, 7 NY 396, 400). The defense does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful” (People v McManus, supra, at pp 545-546 [emphasis added]). Moreover, it is evident from the wording of the statute (Penal Law § 35.15), its title ("Justification; use of physical force in defense of a person”) and from our decisions that it is only the "use of physical force” which, under the circumstances specified in the statute, is lawful (see, People v McManus, supra, at pp 545, 546; see also, People v Magliato, 68 NY2d 24, 28-30). We hold, therefore, that because possession of a weapon does not involve the use of physical force (see, People v Almodovar, supra), there are no circumstances when justification (Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon.
Notwithstanding the foregoing, defendant maintains, citing People v Lewis (116 AD2d 16, supra) and People v Morris (109 AD2d 413, 417, supra), that the statute should apply to "intent to use” the weapon as well as its actual "use”. Because there was sufficient evidence of self-defense to warrant a justification charge on the murder and manslaughter counts based on defendant’s use of physical force in discharging the weapon, he contends that the court should also have given the charge on the criminal possession count as bearing on his intention to use physical force in the period prior to the actual shooting. The contention is clearly flawed. First, intent to use and use of force are not the same, and justification, by the very words of the statute (Penal Law § 35.15), is limited to the latter. Second, it does not follow that because defendant was justified in *268 the actual. shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting. Whether the People established beyond a reasonable doubt that defendant possessed the weapon during that period "with intent to use [it] unlawfully against another” (Penal Law § 265.03) was a question for the jury to determine based on the court’s charge pertaining to the elements of the crime and to the proof necessary to establish unlawful intent (see, People v Evans, 106 AD2d 527).
Therefore, since there are no other issues presented for review, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander and Titone concur; Judge Kaye taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.

 Defendant did not request, and the record would not support, a charge under Penal Law § 35.05. Nor did defendant claim on the trial that his gun was licensed or otherwise exempt under Penal Law § 265.20.