Titone, J.
(dissenting). I dissent. There is little room for dispute about the basic legal principles that are applicable here. CPL 310.30 requires the personal presence of the accused whenever "information or instruction” is given to a deliberating jury. Further, the Due Process Clauses of the State and Federal Constitutions (US Const 5th, 14th Amends; NY Const, art I, § 6) require the defendant to be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend” (Snyder v Massachusetts, 291 US 97, 105-106; People v Ciaccio, 47 NY2d 431, 436). The question that divides üs is how those simple principles should be applied to these facts.
The majority has held that neither the statutory nor the constitutional right to be present was violated here because, in its view, no "information or instruction” was imparted and the postsubmission colloquy between Judge and jury was merely "ministerial”, involving no "substantive legal or factual issues”. The assertion that the colloquy "was wholly unrelated to the substantive legal or factual issues of the trial” (majority mem, at 812) is, to say the least, puzzling, since the colloquy directly concerned which portions of the trial testimony would be reread — clearly a matter of substance of crucial significance to the trial.*
Even more difficult to accept is the majority’s conclusory characterization of the Trial Judge’s inquiry as a mere "ministerial” matter. Black’s Law Dictionary defines "ministerial” acts as those that are performed "in a prescribed manner * * * without regard to the exercise of [one’s] own judgment” (Black’s Law Dictionary 899 [5th ed]). Further, "ministerial” acts are those that demand "no special discretion, judgment or skill” (id.). In a related context, we recently held that even the simple act of conveying the Trial Judge’s one-sentence directive to the jury to continue deliberating cannot be dismissed as a mere "ministerial act” (People v Torres, 72 NY2d *814 1007). A fortiori, the same is true where, as here, an in-person dialogue between the Judge and the jury was involved.
The brevity and simplicity of the colloquy that occurred in this case should not obscure the importance and complexity of the inherently judicial task of clarifying a jurors’ request for additional information. The Trial Judge’s duty to ask jurors to make their requests clearer when some ambiguity exists is a well-settled corollary of the court’s duty to give meaningful postsubmission instructions (see, e.g., People v Gezzo, 307 NY 385, 397; People v Gonzalez, 293 NY 259, 261). Indeed, in People v Malloy (55 NY2d 296, 301-302, cert denied 459 US 847) and People v Almodovar (62 NY2d 126, 131-132), we gave substantive significance to the Trial Judge’s power and obligation to ascertain the precise meaning of a jury’s inquiry by holding that the results of any clarifying colloquies are factors to be considered in determining whether the jury has been given a "meaningful response”.
Manifestly, in light of its importance to the sound exercise of the trial court’s discretion to determine what additional information must be given under CPL 310.30, this task of clarifying a jury’s inquiry can hardly be regarded as ministerial. To the contrary, it is one requiring a high degree of judicial sensitivity and knowledge. In practical terms, a court faced with an ambiguous jury request must make an educated guess, based on its experience and awareness of the trial issues, as to what additional information the jurors really want. Further, in framing its own "clarifying” questions, the court must be careful not to suggest a "proper” response or to make remarks which might convey potentially prejudicial material. The activity is thus the very antithesis of what is ordinarily deemed "ministerial”, since it demands the utmost use of the court’s specialized judicial discretion, judgment and skill.
Moreover, the need for the defendant’s personal presence is obvious in these situations. Having heard the evidence and observed the reactions of the jurors during trial, the defendant, no less than his attorney, may perceive subtleties in the jurors’ inquiry that were lost on the Judge and may therefore make suggestions for further "clarifying” questions or a more complete response to the jury’s request (cf., People v Almodovar, supra, at 131-133). Indeed, in decisions such as Malloy (supra) and Almodovar (supra), this court has made the function of clarifying ambiguous or incomplete juror requests an important part of the adversarial system, since the scope and *815 nature of the responsive instructions required now depend on the outcome of the inquiry. Thus, the "fulness of [an accused’s] opportunity to defend” is unquestionably implicated when the defendant is excluded from a "clarifying colloquy” such as this one, and the constitutional due process requirements which the majority cites are, plainly, unsatisfied (see, Snyder v Massachusetts, supra).
Finally, the trial court’s action in this case was violative of CPL 310.30, which requires the defendant’s presence whenever the court, in response to a juror inquiry, "give[s] such requested information or instruction as the court deems proper”. The distinction the majority has apparently attempted to draw between giving "information or instructions” and merely asking questions to "clarify” the jurors’ request is, in my view, too artificial to provide a sound and realistic basis for a sensible rule of law. As most experienced Trial Judges are aware, the task of ascertaining precisely what the jury wishes to know is, more often than not, inextricably intertwined with the task of giving instruction or information. When the jury has asked for an unadmitted exhibit, for example, the trial court must instruct that the exhibit is not evidence that may be considered before it can go on to ascertain which items of admissible evidence, if any, would be helpful in resolving the jury’s problem. Similarly, where the jurors have made an overly broad request for a readback of testimony, the court may well have to give an overview or summary of the trial evidence in order to help narrow the request. Even in this case, where the exchange between trial court and jury was apparently quite brief, information about the nature of the trial evidence was necessarily conveyed — i.e., that a request for testimony about, rather than by, the complainant was not appropriate.
In any event, the question before us is whether, irrespective of the specific content of the particular colloquy, communications between Trial Judges and jurors to "clarify” the meaning of a CPL 310.30 juror request are part of the instructional process and therefore require the defendant’s personal presence under the explicit mandate of that statute. A contrary rule based on whether the discussion did or did not include instructional matter is unrealistic and pragmatically unworkable, because it makes the determination as to whether the defendant’s presence is required turn upon the court’s prescience as to what might, or might not, have to be said to the jurors in order to obtain the needed clarification. Additionally, *816 there is little to be gained from a practice of excluding the defendant during these preinstructional "clarifying” colloquies, since, in any event, the defendant will have to be produced in court when the requested information or instruction is actually given.
For these reasons, and because of the mandate of the State and Federal Due Process Clauses, the better rule would be to hold that when the jury requests information or additional instruction on a matter of substance, court should be simply reconvened before any colloquy before the Judge and jury takes place. Such a rule would seem to be closer to what the drafters of CPL 310.30 had in mind when they provided that "[u]pon * * * a request [for further instruction or information], the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information” (emphasis supplied). Moreover, such a rule would obviate the need to draw elusive distinctions about what is, or is not, "information” or "instruction”.
Under that view of CPL 310.30, the trial court’s action in engaging in colloquy with the juror outside defendant’s presence was error. Since a violation of that statute requires reversal even where no objection was made and no concrete prejudice is shown (People v Mehmedi, 69 NY2d 759), I conclude that this defendant’s conviction must be reversed.
Chief Judge Wachtler and Judges Simons, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion in which Judge Kaye concurs.
Orders affirmed in a memorandum.

 The majority’s characterization might have been apt if we were considering a communication about the logistics of the deliberative process, such as the timing of the jury’s eating break (cf., People v Agosto, 73 NY2d 963, 970 [leaving open whether compliance with CPL 310.30 was required where jury asked about possibility of deliberations extending into the Sabbath]). Here, however, a communication which went to the very heart of the jury’s work was involved.