■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM ABDUL-HAKEEM, Also Known as LARRY DAVIS, Appellant.—Judgment of the Supreme Court, Bronx County (Bernard Fried, J.), rendered December 15, 1988, convicting defendant of two counts of criminal possession of a weapon in the second degree and three counts of criminal possession of a weapon in the third degree, and sentencing him to two terms of imprisonment of from 5 to 15 years and three terms of from 1⅔ to 5 years, to run concurrently, unanimously affirmed.

Defendant was charged with nine counts of attempted murder in the first degree, several counts of aggravated assault upon a police officer, two counts of criminal use of a firearm in the first degree, two counts of criminal possession of a weapon in the second degree, and six counts of criminal possession of a weapon in the third degree. Defendant was acquitted after trial of all but two counts of possession of a weapon in the second degree and four of the third degree possession counts, one of which was later dismissed by the trial court. On appeal, defendant argues that the trial court should have charged the jury on "necessity" as to the weapons possession counts.

The crime of illegal possession of a weapon is not to be confused with the use which is ultimately made of that weapon. While the intent entertained by the defendant during the time of its illegal possession may render the crime more serious, "[o]nce the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime" *(People v Almodovar,* 62 NY2d 126, 130). Therefore, criminal prosecution may not be avoided by the claim that the weapon was possessed merely for protection *(supra).* Moreover, "because possession of a weapon does not involve the use of physical force *(see, People v Almodovar, supra),* there are no

circumstances when justification (Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon" *(People v Pons,* 68 NY2d 264, 267).

Defendant's contention that his possession of the weapons was justified by the doctrine of necessity as codified in Penal Law § 35.05 is without merit. As stated in *People v Almodovar (supra,* at 130), the extent to which possession of an unlicensed or proscribed weapon is deemed innocent in this State is limited to circumstances in which the possession is "temporary and lawful". In this matter, as in *Almodovar (supra,* at 130-131), "any benefit [defendant] was entitled to because of the claim of self-defense pertained to the use of a weapon and he received that when the court charged justification in connection with the counts of attempted murder and assault". Defendant's other contentions have been examined and found to be without merit. Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.