■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY WEINBERG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 21, 1988, convicting him of failure to file a tax return (three counts) and repeated failure to file a tax return, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in January 1987 with the failure to file New York State personal income tax returns for the years 1983, 1984, and 1985. In August 1987, eight months after he was indicted, the defendant filed his tax returns for 1983, 1984, and 1985. At trial, the defendant called the accountant for the family-owned corporation by which he was employed. The accountant invoked his privilege against self-incrimination. Thereafter the defendant offered into evidence a letter, dated April 9, 1987, allegedly written by the accountant, which stated that due to "a misunderstanding" of the defendant's compensation agreement, the amounts reported on the W-2 forms issued to him by the corporation for 1983, 1984, and 1985 were incorrect. The letter then set forth the sums which allegedly should have been reported on the W-2 forms as income and appropriate withholding thereon.

The defendant argued at trial, and now argues on appeal,

that this letter was admissible because it showed that the defendant had an innocent state of mind in failing to file his tax returns for the three years in question *(see,* Tax Law §§ 1801, 1802). We disagree and find that the trial court properly excluded this letter from evidence as inadmissible hearsay. It is clear that a statement is not hearsay when it is offered solely to show its effect on the person who heard it *(see,* Richardson, Evidence § 205 [Prince 10th ed]). The letter does not fall under this exception to the hearsay rule since it was written in 1987 and could not have had any effect on the defendant's state of mind in 1983, 1984, and 1985. Accordingly, this letter was properly excluded from evidence.

Contrary to the defendant's contention, we find that the court meaningfully responded to the deliberating jury's question concerning the elements of the crimes charged *(see, People v Almodovar,* 62 NY2d 126, 131-132; *People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847). The court first instructed the jury on the elements of each of the crimes charged, as specifically requested by the jury, and then clarified that the tax returns were due on the 15th of April following the close of the taxable year. This clarification was necessary since the defendant did eventually file his tax returns in 1987 and this untimely filing had no effect on the crimes charged.

We have considered the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.