■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COSBY, Appellant. [606 NYS2d 753] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered January 28, 1992, convicting him of manslaughter in the first degree, criminal possession of a weapon in the fourth degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant initially contends that the People failed to disprove his defense of justification (Penal Law § 35.15) beyond a reasonable doubt. We disagree.

In written and videotaped confessions made to the police, the defendant, who rented a room in the deceased's house, stated that he had struck several blows to the deceased's head with a 16-inch metal wrench, but that he had only done so after the deceased had repeatedly come at him brandishing and swinging a frying pan and a broken table leg at certain points during a violent, physical altercation inside the house. After striking the fatal blows, the defendant discarded the wrench and fled the house. When he returned there later that evening and discovered that the deceased had not moved, he hog-tied the body with wire, wrapped it in a blanket, then placed the body in the back seat of the deceased's car and drove it around the block. He then returned to the house and cleaned up the scene of the altercation. The next morning, he drove the car to an empty lot and left it there. Nearly three

weeks later, the police discovered the body in the abandoned car. Also, the deceased's mother testified that she had observed and spoken with the defendant on numerous occasions during the three-week period after the incident, and that he had exhibited no visible signs of injury, he had repeatedly lied to her and her family about the deceased's whereabouts, and about items missing from the deceased's room.

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it disproved the defense of justification beyond a reasonable doubt (see, Penal Law § 25.00 [1]; § 35.00; see, People v McManus, 67 NY2d 541, 546-547; People v Reed, 40 NY2d 204, 209; People v Williams, 160 AD2d 754, affd 77 NY2d 949; cf., Matter of Charles W., 61 AD2d 1033). Apparently, the jury rejected certain portions of the defendant's version of the altercation and chose to believe the People's witnesses (see, People v Dlugash, 41 NY2d 725, 736). In addition, the evidence of the defendant's post-altercation behavior, while of limited probative value, constituted circumstantial evidence of his consciousness of guilt (see, People v Williams, supra). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the defense of justification is inapplicable to the crime of criminal possession of a weapon (see, People v Pons, 68 NY2d 264; People v Almodovar, 62 NY2d 126).

The defendant's contentions with respect to the propriety of the sentence imposed are without merit (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80; cf., People v Grant, 191 AD2d 297; People v Maula, 163 AD2d 180).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.