■ ROXANNE GERNHARDT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [612 NYS2d 831] —Order, Supreme Court, Kings County (Gloria Cohen Aronin, J.), entered November 24, 1991, which, insofar as appealed from, denied defendant's motion to set aside the verdict as to liability, unanimously affirmed, without costs.

Upon review of the record, we find sufficient evidence to establish a prima facie case of negligence against defendant *(see, Elam v New York City Tr. Auth.,* 183 AD2d 599, *lv denied* 80 NY2d 760), and no basis to exercise our discretionary power to set aside the verdict as against the weight of the evidence. Inconsistent testimony concerning the nature and condition of the subject stairway metal tread plate on the date that plaintiff slipped on it and fell was properly left to the jury *(see, Nicastro v Park,* 113 AD2d 129, 134-137). Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDNITA JOHNSON, Appellant. [612 NYS2d 831] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered August 5, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court responded "meaningfully" to the jury's note requesting further instruction and information (CPL 310.30; *see, People v Almodovar,* 62 NY2d 126, 131-132). There was nothing on the face of the note, or otherwise, to suggest that the jury was considering the two vials of crack that were never introduced in evidence in disregard of the court's repeated instructions and the People's articulated theory. Thus, there was no need for the court to ask the jury to clarify its note. Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.