■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST COVINGTON, Appellant. [680 NYS2d 193] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered April 19, 1995, convicting defendant, after a jury trial, of attempted burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly submitted the charge of attempted burglary in the third degree as a lesser included offense of burglary in the third degree since there was a reasonable view of the evidence to support a finding that defendant caused the lock of the premises to be unlocked, and, in the process, caused the door to open one inch, but did not cross the threshold with any part of his body. Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL VASQUEZ, Appellant. [678 NYS2d 252] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered June 28, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 2 to 6 years in the custody of the Division for Youth of the State of New York, unanimously affirmed.

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). Issues of credibility were properly presented to the jury and we find no reason to disturb its determination.

The court's detailed explanation of the two counts of assault and the requisite intent for each count was a meaningful response to the jury's inquiries and a proper exercise of discretion (*see, People v Almodovar*, 62 NY2d 126). The hand gestures employed by the court in describing the principles of intent did not convey any opinion of the case to the jury, and defendant's claim to the contrary rests on speculation. Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.