OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. Moreover, with respect to defendant’s contention that the evidence does not support a finding of “intent to use unlawfully against another,” it is well settled that intent may be inferred from the act itself, or “from the defendant’s conduct or the surrounding circumstances” (People v Bracey, 41 NY2d 296, 301 [internal quotation marks omitted]).
With respect to defendant’s argument that the verdict was against the weight of the evidence, it is noted that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Garafolo, 44 AD2d 86, 88 [1974]). Upon review of the record, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.05 [5]).
Finally, the trial court did not err in refusing to instruct the jury on the defense of “necessity” (Penal Law § 35.05 [2]; see generally People v Pons, 68 NY2d 264 [1986]; People v Almodovar, 62 NY2d 126 [1984]; compare People v McManus, 67 NY2d 541 [1986]). It is well settled that the defense of justification of use of physical force (Penal Law § 35.15) is not available as a defense to a crime based upon the possession of a weapon. Indeed, the Court of Appeals has definitively stated that “because possession of a weapon does not involve the use of physical force . . . there are no circumstances when justification [under Penal Law § 35.15] . . . can be a defense to the crime of criminal possession of a weapon” (People v Pons, supra at 267).
The instant case, however, raises the issue of the applicability of the justification defense of “necessity” (Penal Law § 35.05 *7 [2]) to the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Because the instrument in question was not a weapon per se, but rather a kitchen knife, the presumption of unlawful intent by virtue of the mere possession of the instrument (see Penal Law § 265.15 [4]) does not apply. Inasmuch as the mere possession of a kitchen knife, without more, is not unlawful, the issue in the first instance was whether the People met their burden of proving beyond a reasonable doubt that defendant possessed the kitchen knife “with intent to use [it] unlawfully against another” (Penal Law § 265.01 [2]).
Inasmuch as we find that the People met their burden, we hold that the defense of “necessity” is thereby rendered inapplicable. We cannot conceive of a situation where an intent to use a kitchen knife unlawfully can ever be justified. Since intent to use unlawfully is one of the elements that the People have to establish, should the People fail to meet their burden of proving that element beyond a reasonable doubt, the charge of unlawful possession will not have been proven, and the issue of justification, by virtue of that failure of proof, will never be reached.
It should also be noted that in People v Abdul-Hakeem (172 AD2d 177 [1991]), the First Department, following the rationale of People v Almodovar (supra) and People v Pons (supra) found the defense of “necessity” (Penal Law § 35.05 [2]) inapplicable to weapons offenses.
Although defendant would limit the application of People v Almodovar (supra) and People v Pons (supra) to cases where the weapon possessed is a per se weapon, there is nothing in the case law to suggest that such a limitation is warranted (see e.g. People v Tomback, 244 AD2d 586 [1997] [possession of a baseball bat]; People v Cosby, 200 AD2d 682 [1994] [possession of a wrench]; see also People v Campbell, 2003 NY Slip Op 50688[U] [App Term, 1st Dept] [possession of a brick]).
Patterson, J.P, Golia and Rios, JJ., concur.