*620 Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 21, 1998, convicting him of murder in the first degree and murder in the second degree (three counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of murder in the first degree, vacating the sentence imposed thereon, and remitting the matter to the Supreme Court, Suffolk County, for a new trial on that count; as so modified, the judgment is affirmed.
We agree with the defendant that the trial court erred in its accomplice liability charge as it related to the first degree felony murder count. Penal Law § 125.27 (1) (a) (vii) provides that Penal Law § 20.00 is not applicable to first degree felony murder “unless the defendant’s criminal liability ... is based upon the defendant having commanded another person to cause the death of the victim or intended victim pursuant to section 20.00 of this chapter” (see People v Couser, 258 AD2d 74 [1999], affd 94 NY2d 631 [2000]). Here, the trial court only gave the Penal Law § 20.00 definition of accomplice liability without any adjustment for the first degree murder count. Accordingly, the possibility exists that the jury convicted the defendant of first degree murder without finding that he commanded another person to cause the death of the victim. Therefore, the defendant is entitled to a new trial on that count. However, the failure to properly instruct the jury with respect to the defendant’s accessorial liability does not affect the convictions of murder in the second degree (cf. People v Pons, 68 NY2d 264 [1986]; People v Almodovar, 62 NY2d 126 [1984]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.
Viewing the defense counsel’s conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (see People v Rivera, 71 NY2d 705 [1988]; People v Baldi, 54 NY2d 137 [1981]).
The defendant’s remaining contentions are without merit. Santucci, J.P, McGinity, Schmidt and Adams, JJ., concur.