The People of the State of New York, Respondent, v Robert Romero, Appellant. The People of the State of New York, Respondent, v Ubaldo Romero, Appellant. [804 NYS2d 8]—

Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 12, 2002, convicting each defendant, after a jury trial, of two counts of murder in the second degree, and sentencing each defendant to two consecutive terms of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury properly considered issues of credibility, including the weight to be given to the backgrounds of the People's witnesses, the benefits they received in return for testifying and the inconsistencies in their testimony, and there is no basis for disturbing the jury's determinations (see People v Gaimari, 176 NY 84, 94 [1903]). Numerous witnesses inculpated defendants, and the jury could have reasonably concluded that differences in their perception and memory of details of this fast-paced, chaotic event accounted for the inconsistencies.

The appellate challenges to the People's summation are

largely unpreserved. Were we to review the unpreserved claims, we would reject them. In this vigorously litigated trial, the thrust of the prosecutor's remarks constituted fair comment on the evidence and they were made in response to defense arguments. In short, the summation did not deprive either defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the limited extent the summation may have contained objectionable matter, the court's curative instructions effectively prevented any prejudice.

The court responded meaningfully to the jury's request for a readback of testimony, since the court provided the testimony requested (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]). Although the court declined to read back a stipulation that related to this testimony, the court reminded the jury of the stipulation's existence and advised the jury it could request additional testimony on the issue. However, the jury did not request to hear the stipulation's contents. Accordingly, the court's response did not cause defendants any prejudice (*see People v Lourido*, 70 NY2d 428, 435 [1987]).

We have considered and rejected each defendant's remaining claims, including those contained in defendant Robert Romero's pro se supplemental brief. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.