People v Rivera (2018 NY Slip Op 01247)





People v Rivera


2018 NY Slip Op 01247


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5778 2277/14

[*1]The People of the State of New York, Respondent,
v
Jose Rivera, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Courtney M. Wen of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered April 8, 2015, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Moreover, the combination of credible eyewitness testimony and surveillance videotape provided overwhelming evidence of defendant's guilt.
Defendant did not preserve his challenge to the court's response to a jury note, and we find defendant's preservation argument unavailing. We decline to review this claim in the interest of justice. As an alternative holding, we find that the court meaningfully responded to the note by reviewing previously discussed principles (see People v Almodovar, 62 NY2d 126, 131 [1984]).
Defendant's challenges to the prosecutor's summation are also unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
In any event, in light of the overwhelming evidence against defendant, any errors regarding the summation and charge were harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK