People v Alexander (2019 NY Slip Op 00668)





People v Alexander


2019 NY Slip Op 00668


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8257 2948/08

[*1]The People of the State of New York, Respondent,
v
Devin Alexander, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Justin J. Braun of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered January 17, 2014, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
The court properly denied defendant's application made pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant did not produce numerical or nonnumerical "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (Johnson v California, 545 US 162, 170 [2005]), and thus failed to make a prima facie showing of racial discrimination in the People's exercise of challenges.
As we determined in rejecting a generally similar claim made on a codefendant's appeal (People v Burgan, 152 AD3d 401, 406 [1st Dept 2017], lv denied 30 NY3d 978 [2017]), defendant's claim that the People presented allegedly false testimony is based on factual assertions outside the record and therefore is unreviewable on direct appeal. The record does not support defendant's assertion that law enforcement failed to investigate the truth of a witness's testimony. In any event, at trial defendant was not prevented from challenging the thoroughness of the investigation, and the Court of Appeals has "decline[d] to impose an affirmative obligation upon the police to obtain exculpatory information for criminal defendants" (People v Hayes, 17 NY3d 46, 52 [2011], cert denied 565 US 1095 [2011]).
Defendant has not preserved any of his challenges to the court's responses to three jury notes and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. In each instance, the court provided a meaningful response that was satisfactory to the defense (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]). Defendant's ineffective assistance of counsel claims relating to these issues is unavailing (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK