People v Whilby (2020 NY Slip Op 06361)





People v Whilby


2020 NY Slip Op 06361


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ.


Ind No. 664/14 664/14 Appeal No. 12118 Case No. 2019-5787 

[*1]The People of the State of New York, Respondent,
v
Domonic Whilby, Defendant-Appellant.


Laura M. Miranda, PLLC, New York (Laura M. Miranda of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 2, 2017, as amended, May 31, 2017, convicting defendant, after a jury trial, of aggravated vehicular homicide, manslaughter in the second degree, vehicular manslaughter in the second degree and reckless endangerment in the second degree, and sentencing him to an aggregate term of 8 1/3 to 25 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The record supports the court's determination that defendant voluntarily consented to a blood test. Defendant's arguments about the admissibility of his statements are academic, because those statements were not introduced at trial.
The court providently exercised its discretion in precluding defendant from presenting expert testimony to establish that if the victim had been wearing a seatbelt, he would have suffered only minor injuries. A defendant's actions "need not be the sole cause of death" to establish criminal liability for a homicide (Matter of Anthony M., 63 NY2d 270, 280 [1984]; see also People v Davis, 28 NY3d 294, 300 [2016]). Rather, a defendant's conduct constitutes a sufficient direct cause of death when the People prove that the defendant's actions were an actual contributory cause of the death in the sense that they forged a link in the chain of causes that brought about the death, and the fatal result was reasonably foreseeable (People v Li, 34 NY3d 357, 369 [2019]). Here, although the victim was not wearing a seat belt when defendant, driving a stolen truck, struck the bus driven by the victim, defendant's conduct set in motion the events that ultimately resulted in the bus driver's reasonably foreseeable death, and expert testimony as to the effect of seatbelt use had no bearing on the determination of that issue. The record fails to support defendant's claim that the People opened the door to the evidence offered by the defense. Defendant's related claims regarding evidence introduced by the People are unavailing.
The court provided meaningful responses to all of the jury inquiries at issue on appeal (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 301 [1982], cert denied 459 US 847 [1982]). In each instance, the court gave correct instructions that were responsive to the jury's concerns. Contrary to defendant's assertion, the court never conveyed to the jury a strict liability standard for any of the crimes charged.
At sentencing, defense counsel did not indicate that she had not been served with a copy of the presentence report, but instead stated that she was ready to proceed. Thus, defendant's claim that counsel did not receive the report is unpreserved. In any event, the mere absence of any reference to the presentence report at sentencing is "insufficient to rebut the presumption of regularity accorded to judicial proceedings" (People v Nazario, 253 AD2d 726, 726 [1st Dept 1998]). Where, as here, a presentence report was "ordered by the court and prepared by the Department of Probation prior to the sentencing date, . . . it is presumed that the defendant was lawfully sentenced on the basis of this report" (id.).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020