People v Pierre (2021 NY Slip Op 03263)





People v Pierre


2021 NY Slip Op 03263


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Ind No. 1379/14 Appeal No. 13864 Case No. 2018-2184 

[*1]The People of the State of New York, Respondent,
v
Jeffrey Pierre, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered December 13, 2017, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to seven years, and otherwise affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict, which rejected defendant's defense of temporary lawful possession of a firearm, was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant claimed that after being robbed by two armed men, he ultimately gave chase and during the chase picked up a pistol dropped by one of the fleeing robbers. The jury could have reasonably rejected that claim and found that defendant in fact, wielded a pistol that he admittedly already possessed in his vehicle. Furthermore, regardless of whether defendant's possession of the pistol was temporary, it was not lawful (see generally People v Almodovar, 62 NY2d 126, 130 [1984]). Defendant admittedly pursued his attackers and according to defendant, picked up the pistol dropped by one of the fleeing robbers, even though he could have safely left, he shot them repeatedly, and he then ran away without immediately contacting the police (see People v Williams, 36 NY3d 156, 162-163 [2020]). Defendant's acquittal of homicide charges relating to the deaths of the two men does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
To the extent defendant's request that the court's justification charge include the concept of force used by a private person in connection with an arrest, that request was properly denied. Even if defendant's use of the pistol was justified, it is well settled that justification is not a defense to possession (see Williams, 36 NY3d at 161-63; Almodovar, 62 NY2d at 130-31; People v Abdul-Hakeem, 172 AD2d 177, 178 [1st Dept 1991], lv denied 78 NY2d 960 [1991]). Further, there is no reasonable view of the evidence, viewed most favorably to defendant, that when he allegedly picked up the robber's pistol, he did so only to make or facilitate an arrest of the robbers.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v [*2]Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021