People v Parks (2021 NY Slip Op 07362)





People v Parks


2021 NY Slip Op 07362


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


815 KA 18-02422

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID PARKS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NOREEN E. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered October 25, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The charge arose from an incident in which defendant, who was a passenger in a car that came under gunfire from occupants of another car, fired a handgun at that other car. We affirm.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's assertion, we conclude that "the verdict cannot be against the weight of the evidence on [any form of justification] defense because [a justification] defense was not submitted to the jury" (People v Manners, 196 AD3d 1125, 1126 [4th Dept 2021], lv denied 37 AD3d 1028 [2021]; see People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019]).
Contrary to defendant's further contention, Supreme Court properly denied his request for a justification instruction based on self-defense under Penal Law § 35.15 inasmuch as that particular defense is "inapplicable to the crime of criminal possession of a weapon, in any degree" (People v Alexander, 160 AD3d 1370, 1371 [4th Dept 2018], lv denied 32 NY3d 1001 [2018]; see People v Pons, 68 NY2d 264, 265 [1986]; People v Almodovar, 62 NY2d 126, 130-131 [1984]). Defendant's contention that Pons and Almodovar were abrogated by the United States Supreme Court's decision in District of Columbia v Heller (554 US 570 [2008]) is wholly without merit and we conclude that, "[t]o the extent that defendant is claiming that []he was constitutionally entitled to a jury charge on [self-defense], that claim is unpreserved and . . . without merit" (People v Aracil, 45 AD3d 401, 402 [1st Dept 2007], lv denied 9 NY3d 1030 [2008]). To the extent defendant contends that the court should have provided a justification instruction pursuant to Penal Law § 35.05 (2), that contention is likewise unpreserved (see People v LaPetina, 9 NY3d 854, 855 [2007], rearg denied 13 NY3d 855 [2009]).
We reject defendant's contention that defense counsel was ineffective for failing to request an instruction on temporary and lawful possession inasmuch as the evidence, viewed in the light most favorable to defendant (see generally People v Zona, 14 NY3d 488, 493 [2010]), did not support such an instruction (see People v Shamsiddeen, 98 AD3d 694, 694-695 [2d Dept 2012], lv denied 20 NY3d 988 [2012]). In order for defendant to be entitled to such an instruction, "there must be proof in the record showing a legal excuse for having the weapon in [*2][one's] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (People v Williams, 50 NY2d 1043, 1045 [1980]). Here, even assuming, arguendo, that defendant obtained possession of the gun in an excusable manner, we conclude that there were no facts tending to establish that thereafter the gun "had not been used in a dangerous manner" (id.; see People v Williams, 172 AD3d 637, 637 [1st Dept 2019], affd 36 NY3d 156 [2020]). We also reject defendant's remaining allegations of ineffective assistance of counsel and conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court