# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 3
The People &c.,
     Respondent,
    v.
Gonzalo Aguilar,
     Appellant.

Jan Hoth, for appellant.
Stephen J. Kress, for respondent.

SINGAS, J.:

Defendant claims that the trial court erred by failing to include a reinstruction on

the justification defense in its response to a jury note. We disagree and hold that the court's

response was meaningful. Defendant's additional argument that the court's interested

witness charge violated defendant's constitutional right to due process is unpreserved for our review.

I.

In 2000, defendant, his friend, and a group of patrons engaged in an altercation outside a Manhattan bar. Defendant stabbed one victim three times in the chest with a knife, killing him, and slashed another victim's neck causing serious physical injury. Defendant was charged with murder in the second degree, attempted murder in the second degree, and assault in the first degree. During defendant's 2002 trial, the court instructed the jury on the elements of ten criminal offenses: the charged offenses, as well as several lesser included offenses. Defendant asserted that he acted in self-defense and the court accordingly instructed the jury on justification (*see* Penal Law § 35.15). Because defendant testified, the court also instructed the jury that defendant was an interested witness and that his interest in the outcome of the proceedings was one factor to consider in evaluating his credibility. Prior to jury deliberations, the court told the jurors that if they had "any questions on the law, please write me a note specifying the particular law you wish me to review and I'll bring you back into the courtroom and do that."

On the first day of deliberations, the jury sent a note to the court requesting "[a]ll definitions discussed: Murder II, Manslaughter I, Depraved Murder II, etc.," as well as a readback of certain testimony, among other things. The court communicated to the parties that it intended to "give [the jury] the elements of all the crimes again before lunch" and provide the relevant testimony after lunch. The court asked defense counsel if that plan

was "acceptable" and counsel responded in the affirmative. The court then reread the instructions for the charged counts but did not reinstruct the jury on justification. At the conclusion of the recharge, the court stated, "I hope that answers your question concerning the charges to the case" and informed the jury that the relevant testimony would be read back after lunch. At that point, defense counsel requested that the court reinstruct the jury on "the definition of justification," which the court declined on the ground that the jury "didn't ask for that" but rather had "specified the counts."

The jury convicted defendant of murder in the second degree, attempted murder in the second degree, and assault in the first degree. The Appellate Division affirmed the judgment, holding that the trial court responded meaningfully to the jury note "by rereading its instructions on the elements of the offenses submitted to the jury, without mentioning the defense of justification" because "[t]he jury did not ask for reinstruction on justification" (206 AD3d 572, 573 [1st Dept 2022]). Further, as relevant here, the Court concluded that defendant's constitutional challenge to the interested witness charge was unpreserved and, in the alternative, unavailing (*id.* at 573-574). A Judge of this Court granted defendant leave to appeal (38 NY3d 1186 [2022]).

II.

"CPL 310.30 provides that the jury may request further instructions at any time during its deliberations and if it does so the court must 'give such requested information or instruction as [it] deems proper' " (*People v Almodovar*, 62 NY2d 126, 131 [1984]). Because "[t]he trial court is generally in the best position to evaluate the jury's request"

(*People v Steinberg*, 79 NY2d 673, 684 [1992]), trial courts are vested with "significant discretion in determining the proper scope and nature of the response" (*People v Taylor*, 26 NY3d 217, 224 [2016]).  But that discretion is cabined by the requirement that a court "respond meaningfully to the jury's inquiries" (*Almodovar*, 62 NY2d at 131).

"The factors to be evaluated" in determining whether a response to a jury note is meaningful "are 'the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant' " (*id.* at 132, quoting *People v Malloy*, 55 NY2d 296, 302 [1982]).  Failure to answer a jury's note meaningfully is an abuse of discretion as a matter of law (*see Taylor*, 26 NY3d at 224, citing *Malloy*, 55 NY2d at 302).

In this case, "the form of the jury's" note indicated a request that the jury be recharged on the elements of the crimes (*see Almodovar*, 62 NY2d at 131 [internal quotation marks omitted]).  The jury note asked for "all definitions" contained in the charges: the jury did not simply ask for "all definitions" to be read back but instead chose to limit which "definitions" it sought by providing an exemplary list containing the first three of the ten criminal offenses on which the trial court had originally instructed the jury and ending the list with "etc."  The usage of "etc." in this context corroborates this interpretation of the note because et cetera at the end of a list signals "others especially of the same kind" (Merriam-Webster.com Dictionary, et cetera [https://www.merriam-webster.com/ dictionary/et%20cetera]).  That the jury did not seek further instruction or

clarification after the recharge also supports our conclusion that the trial court correctly interpreted the jury note and responded meaningfully and with the complete information sought (*see Almodovar*, 62 NY2d at 132; *compare Malloy*, 55 NY2d at 303 [jury's silence following the court's response to its note was indicative of satisfaction with the response]; *with Taylor*, 26 NY3d at 227 [court's response to a jury note was not meaningful despite the jury's decision to "cease their inquiry"]).

Additionally, upon conclusion of its response to the portion of the jury's note requesting recharge, defense counsel then requested that the court recharge justification. Returning to that portion of the jury note at that time may have "placed undue emphasis on the issue" (*see id.*).

Defendant's remaining argument is unpreserved, as he concedes, and no exception to the preservation rule applies under these circumstances (*see People v Cabrera*, — NY3d —, 2023 NY Slip Op 05968 [2023]; *see also People v Peque*, 22 NY3d 168 [2013]).

Accordingly, the order of the Appellate Division should be affirmed.

WILSON, Chief Judge (concurring):

I write separately to make clear what is decided and undecided on this appeal.  Mr.

Aguilar's appeal presents three distinct questions of law.   First, Mr. Aguilar contends that

the jury's note, which asked for "all definitions," required the court to recharge the jury the instruction on justification.  I agree with the Court's rejection of that argument.

Second, Mr. Aguilar makes a quite different argument that does not depend on the wording of the note.  He contends that because the trial court determined that he was entitled to receive a justification instruction and the People must disprove justification beyond a reasonable doubt, whenever the jury requests the readback of a count as to which justification applies, a court must include a readback of the justification instruction with it. In other words, because absence of justification is an element of the crime, it must be read back along with the other elements.  Mr. Aguilar advanced that argument in his briefs to our Court ("once a justification defense is interposed, the People must disprove it to the same degree as any element") and at oral argument.  Whatever the merits of that argument may be, Mr. Aguilar did not raise it in Supreme Court, and it is therefore unpreserved for our review.

Third, as Mr. Aguilar concedes and as the majority notes, his final legal question—whether the court's interested witness instruction deprived him of due process and the presumption of innocence—is likewise unpreserved.

Order affirmed. Opinion by Judge Singas. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman and Halligan concur, Chief Judge Wilson in a concurring opinion.

Decided February 20, 2024